PER CURIAM :
The United States Bedding Co. having presented a claim to the Secretary of War, or to the Board of Contract Adjustment of the War Department, claiming that the same came within the purview of the act of March 2, 1919, 40 Stat., 1272, known as the Dent Act, the board examined the claim and the evidence adduced to support it and concluded that the relief prayed should be denied because of the failure to show that an agreement was entered into “between the claimant and some officer or agent acting under the authority, direction, or instruction of the Secretary of War” for the purposes named in the statement of the claim. The board entered an order denying relief, and an appeal was prosecuted therefrom to the Secretary of War.
The Secretary of War, not deciding the questions presented to him, would transmit the claim to this court under the provisions of section 148 of the Judicial Code.
*460 The Court of Claims is of opinion that the claim or matter mentioned can not be transmitted to the court because of the following considerations:
The Dent Act erects a special tribunal for the settlement of designated classes of claims. These claims are to be presented within a limited time, and the Secretary of War may adjust and pay them. His settlements are to be made on a “fair and equitable basis.” These powers are possessed by virtue of the act, and except for it the claims could not be pending in the department, nor could the Secretary adjust and pay them. The purpose of the original bill, which became the Dent Act, was to “ validate ” certain claims, as to which no formally executed contract had been made, or because a contract had been made by some one, without authority to obligate the Government. The act not only confers powers on the Secretary but it authorizes, in certain events, a proceeding in the Court of Claims on the petition of a dissatisfied claimant. In making their “statement,” accompanying the conference report on the bill to the House of Representatives, the managers on the part of the House stated:
“ Section 2 gives the Court of Claims jurisdiction in the event the settlement of the Secretary of War is not accepted.”
The language of the act bears this construction.
References to the Court of Claims by heads of executive departments were first authorized by the act of June 25,1868, 15 Stat., 75. From this act section 1063, Revised Statutes, was taken. But section 1063 is expressly repealed by section 297 of the Judicial Code. The act of June 22,1870,16 Stat., 162, established the Department of Justice. This act provided, among other things, that each head of a department “may require the opinion of the Attorney General on all questions of law arising in the administration of their respective departments.”
This provision became section 356, Revised Statutes, and is still in force. Referring to it in the Berger case, 36 C. Cls., 243, 247, Judge Peelle, later Chief Justice, said “that the Attorney General is the law officer of the Government.” His opinion, given on request of the head of a department, may *461 have controlling influence. Smith v. Jackson, 246 U. S., 388; 25 Op. Attys Genl., 303.
Section 148 does not authorize a reference by the head of a department for a mere advisory opinion. White Earth Reservation case, 50 C. Cls., 19. The procedure to be had, under a proper reference to the court, is indicated by sections 149 and 150, Judicial Code.
The Dent Act shows a clear purpose to confer power on the Secretary of War, and the large appropriations made to carry into effect his adjustments confirm its purpose. Manifestly by a reference of a claim to the court he can not confer power on the court to do that which the act authorizes . him only to do. The act, by section 2, confers power on the Court of Claims, and it is not to be assumed that Congress did an unnecessary or useless thing in making provision for jurisdiction by the court in the events mentioned in this section in regard thereto.
The United States is not bound to provide a remedy for a claimant or to recognize a claim except in such manner and form as the Congress may authorize and direct. Babcock case, 250 U. S., 328, 331.
The Dent Act was intended to create, and did create, a special tribunal for determination of specified classes of claims against the United States. (See Report No. 877, H. R. 13274, 65th Cong., 3d sess.) It created a right and a remedy. The general rule in such cases is that the remedy must be pursued. Babcock case, supra; Medbury case, 173 U. S., 492, 497.
The Secretary of War can not, therefore, by reference under section 148, either divest himself of the power conferred by the Dent Act, or vest in the court power to proceed under that act, except as therein provided. It provides that the Secretary may make settlement upon a fair and equitable basis. The Government is entitled to his judgment; the claimant is entitled to know what he regards as a fair and equitable settlement; and the Court of Claims, if the matter be brought to it by a petition of a dissatisfied claimant, is entitled to know what the Secretary of War thought of the claim.
*462 If the court had jurisdiction upon such a reference it should hesitate to exercise it upon a transmittal by the Secretary of War of a class of claims which dissatisfied claimants could bring by petition to the court in the events mentioned in the act. The result of its action, in such case, might be a predetermination of matters, which claimants had the right, under the act, to have the Secretary of War pass upon, and, being dissatisfied with his award, to file their petition in the Court of Claims, as provided in the act.
The court is of opinion that it should not take jurisdiction of the reference mentioned, and the papers will be returned to the Secretary of War with a copy of his opinion.
It is proper to add that this opinion is confined to Dent Act cases; and nothing herein is intended to affect questions that may arise if a claimant file his petition as provided by section 2 of the act, or file a petition invoking the general jurisdiction of the court.