Campbell, Chief Justice,
delivered the opinion of the court:
The case as presented upon the record and proofs is in an unsatisfactory condition. The plaintiff filed a petition claiming a large sum on five separate contracts. It appears that these contracts were not executed on behalf of the Government by an officer authorized to bind it as required by section 3744, Eevised Statutes, though the officer making each agreement itself did so under authority or direction of the Secretary of War. If the suit had proceeded upon the petition that was filed it is manifest that the plaintiff could not recover for the items claimed, because his recovery would be limited to the goods delivered to and accepted by the Government in the absence of a legally executed contract. St. Louis Hay & Grain Co. case, 37 C. Cls. 281, 191 U. S. 159; Monroe case, 184 U. S. 524; Clark case, 95 U. S. 539. But the plaintiff applied to the claims board. Its claims there were predicated upon the allegations in its petition that a contract had not been executed in the manner prescribed by law. This board considered the several claims. An appeal from the action was taken by plaintiff to the board of contract adjustment created by the Secretary of War, under the Dent Act, 40 Stat. 1272. This board made an award upon the agreement in question amounting to somewhat more than $3,000 in excess of the allowance by the claims board. With the allowances under the other contracts, whether made by the one board or the other, the plaintiff expresses satisfaction. The board of contract adjustment entered an order following the terms of the Dent Act reciting an award to plaintiff in the sum of $3,196.74, “ in full adjustment, payment, and discharge of said agreement,” and indorsed upon said award is its written acceptance by plaintiff under date of June 9, 1919. This amount was paid to and accepted by the plaintiff.
*459 The award and acceptance are conclusive upon the plaintiff’s rights under the Dent Act. It is true that section 2 of the act authorizes this court to proceed on petition duly filed in the court where the party affected “shall not be willing to accept the adjustment, payment, or compensation offered by the Secretary of War,” or in the event that he shall fail or refuse to make a satisfactory adjustment. But when the matter has been presented to the Secretary, or the board organized by him to hear and consider it, and an adjustment is offered and accepted as in this instance, there is no basis for further proceeding in the Court of Claims. A salutary purpose of the Dent Act was to produce adjustments and settlements of a specified character of claims and not merely to produce or foster litigation. If the party accept the award the purpose of the act is accomplished, and there is no need of further litigation. Another point, mentioned so as not to appear to be entirely ignored, is that there is an absence in this case of a showing that an appeal from the Board of Contract Adjustment was prosecuted to the Secretary of War. We held in United States Bedding Co. case, 55 C. Cls. 459, that action by the Secretary of War was essential to give jurisdiction to this court under the Dent Act. Whether the board’s action should be taken as that of the Secretary, where a complaining party refuses to accept the board’s award, it is not necessary to now decide ; but where the award has been accepted and paid there was left nothing to appeal to the Secretary and nothing to bring to this court.
We have made a finding of facts. The plaintiff has been fully compensated under the terms of its supplemental contract. It intelligently agreed to the modification, itself stated the amount of yardage, and the suggested theory that the “poundage” was to be the same is not tenable. For the 16-ounce melton it was to receive $2.85 per yard, and for the 20-ounce melton it was paid at the rate of $3.56 per yard. It can not be relieved from its own contract by anything set forth in the record, and we say this upon the assump *460 tion that the contract was mutually binding. As already stated, however, the contract was not executed as required by law and could not be enforced against tthe Government, except for the Dent Act.
The petition should be dismissed, and it is so ordered.
Graham, Judge; Hat, Judge; DowNet, Judge; and Booth, Judge, concur.