## BALTIMORE & OHIO RAILROAD COMPANY v. UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 208.   Argued March 7, 1923.—Decided March 19, 1923.

1. To permit a recovery under the "Dent Act", c. 94, 40 Stat. 1272, there must have been an agreement express or implied.   P. 386.
2. Where, at the insistence of Army officers, a railroad company hastened construction of a branch line to reach an ordnance depot, and in so doing, on its own determination, without notice to the Government or mention of compensation, went to additional expenses, *held,* that no agreement on the part of the Government to repay them could be implied.   P. 387.

56 Ct. Clms. 377, affirmed.

APPEAL from a judgment of the Court of Claims dismissing a petition on demurrer.

*Mr. John F. McCarron,* with whom *Mr. George E. Hamilton* was on the brief, for appellant.

*Mr. Blackburn Esterline,* Assistant to the Solicitor General, for the United States.

MR. JUSTICE SANFORD delivered the opinion of the Court.

The Railroad Company filed its petition in the Court of Claims asking judgment for the amount of certain "extraordinary expenses" which it claimed to have incurred in constructing a branch railroad to the Ordnance Depot at Curtis Bay, Maryland, under "an informal or implied agreement" with officers of the War Department for the reimbursement of such expenses by the United States.   The Dent Act, March 2, 1919, c. 94, 40 Stat. 1272.   A demurrer to this petition was sustained.   56 Ct. Clms. 377

The allegations of the petition setting forth specifically "the nature, terms and conditions" of the "agreement", may be thus summarized: Having previously determined to build a branch railroad into the Curtis Bay region, for the purpose of developing new territory, the Railroad Company, in the summer of 1917, at the request of the War Department, changed in part the location of the proposed line so as to pass alongside the Ordnance Depot which the War Department planned to build. The company then contracted with a construction company for the building of the railroad to the site of the Depot, on a unit-price basis. The work was greatly delayed by the relocation of the line, and carried into the winter months. After numerous conferences as to means of expediting the work, the officers of the Department, in December, insisted that the operations at the Depot would be seriously hampered unless the company could greatly increase progress on the construction of the railroad, and that, in order to furnish track facilities for handling construction materials and freight at the Depot, it was very urgent that the railroad be completed at the earliest possible moment. Thereupon, in order to meet the urgent needs of the Department, the company, in January, 1918, determined to and did cancel the contract for constructing the railroad on a unit-price basis, and made a contract with another construction company for completing it on a cost plus basis. By working continuously, day and night, the new contractor completed the railroad to the Depot in the latter part of February, before it would have been completed under the original contract. The excess cost of thus constructing the railroad under the cost plus plan and the extraordinary expense incurred in hurrying its completion, amounted to $85,474.06; for which judgment was prayed.

These allegations show no "agreement, express or implied" for the payment of these expenses, which is essen-

tial to an award in plaintiff's favor under the provisions of the Dent Act.  No express agreement is alleged.  And manifestly the mere fact that, on the urgent insistence of the officers of the Department that the construction of the railroad be hastened so as to handle construction materials for the Depot and other freight (necessarily yielding revenue to the railroad), the company, on its own determination, substituted the cost plan of construction for the unit-price plan, without any notice to the Department of its intention so to do or of the increased expenses that would result, does not, in the absence of any intimation that it would look to the United States for reimbursement of such increased expenses or of any suggestion by the Department that such reimbursement would be made, afford any substantial basis upon which an agreement for the payment of such expenses can be implied.

The judgment of the Court of Claims dismissing the petition is accordingly

*Affirmed.*