Hay, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff to recover from the United States the sum of $151,822.49, which it alleges is owing it by the United States. The plaintiff relies for its recovery of the aforesaid sum upon the provisions of the act of Congress approved March 2,1919, 40 Stat. 1272, and commonly known as the Dent Act. The provisions of the act so fas as applicable to this suit are as follows:
“ Seo. 1. That the Secretary of War be, and he is hereby, authorized to adjust, pay, or discharge any agreement, ex *378 press or implied, upon a fair and equitable basis that has been entered into, in good faith during the present emergency and prior to November twelfth, nineteen hundred and eighteen, by any officer or agent acting under his authority, direction, or instruction, or that of the President, with any person, firm, or corporation for the acquisition of lands, or the use thereof, or for damages resulting from notice by the Government of its intention to acquire or use-said lands, or for the production, manufacture, sale, acquisition or control of equipment, materials or supplies, or for services, or for facilities, or other purposes connected with the prosecution of the war, when such agreement has been performed in whole or in part, or expenditures have been made or obligations incurred upon the faith of the same by any such person, firm, or corporation prior to November twelfth, nineteen hundred and eighteen, and such agreement has not been executed in the manner prescribed by law. * * *
“ Sec. 2. That the Court of Claims is hereby given jurisdiction on petition of any individual, firm, company, or corporation referred to in section 1 hereof, to find and award fair and just compensation in the cases specified in said section in the event that such individual, firm, company, or corporation shall not be willing to accept the adjustment, payment or compensation offered by the Secretary of War as hereinbefore provided, or in the event that the Secretary of War shall fail or refuse to offer a satisfactory adjustment, payment or compensation as provided for in said section.”
It appears that the plaintiff filed its claim, as provided for in the act, with the Secretary of War. The Secretary of War declined to pay the claim of the plaintiff or any part of it, hence the suit in this court.
The purpose of the Dent Act was to afford relief to persons who had made contracts with the United States during the war with Germany and prior to November 12, 1918, which contracts had not been formally executed as required by law, and which upon a fair and equitable basis could be so construed as to authorize the Secretary of War to adjust, pay, or discharge any agreement, express or implied, if entered into in good faith by an officer or agent acting under the authority, direction or instruction of the Secretary of War or the President.
The facts of this case do not in our opinion justify the conclusion that there was any agreement, express or implied, *379 between the plaintiff and any officer of the United States with authority to make such a contract. Indeed, there has been no contract proved and the facts do not show that any contract was made between the parties. The plaintiff seems to have relied upon obtaining a contract for the construction of certain mounts. That reliance came from dealings which the plaintiff had had with the Government and from its knowledge that these mounts would be constructed by the United States if the war continued. The plaintiff was shown a program as to these mounts for the years 1919 and 1920, and acting upon this it, of its own accord and without having been ordered so to do, purchased materials for the manufacture of these mounts. It took this step with full knowledge that the war might end at any time, and that if it did end the United States would not need the mounts and would not enter into a contract for their construction. A contract can not be implied in a case where no order has been given for the manufacture of the machinery, where no time has been fixed for the commencement of its construction, and where no price has been fixed for its construction. Baltimore Ohio Railroad Co. v. United States, 261 U. S. 592.
The fact that the plaintiff was in the habit of assembling its material for construction in anticipation of Government orders does not alter the case. If it chose to rely upon what might happen, that was its lookout, and it can not be allowed to found a contract upon a custom. The plaintiff “ went ahead without waiting for an order,” and must abide by the result of its own actions.
The petition must be dismissed. It is so ordered.
Graham, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.