*178 MEMORANDUM BY THE COURT
The plaintiff in this case had an agreement with the Little Eock Eailway & Electric Co. to perform certain services for it; and while that contract was in existence the power company entered into a contract with the Everly M. Davis Chemical Corporation to supply electric power to a picric acid plant which the latter corporation was building for the United States Government. The work done by the plaintiff was done for the Little Eock Eailway & Electric Co.; that company was to be paid for its work by the Everly M. Davis Corporation. The fact that Major Moore, an officer of the United States, who was supervising the construction of the picric acid plant for the Government, *179 told a representative of the plaintiff that it would receive compensation for its work on the power plant can not be held to imply an agreement between the plaintiff and the United States that the United States would pay the plaintiff for the work done, especially when it appears that the plaintiff had an agreement with the power company to do the work.
The Dent Act, under which the plaintiff claims, authorizes the award of compensation for expenditures when they were made by the plaintiff upon the faith of an “ agreement, express or implied,” entered into by it with an officer or agent acting under the authority of the Secretary of War or of the President, and such agreement was not executed in the manner provided by law. In this case the officer, Major Moore, was not acting under the authority of the Secretary of War or of the President. In fact, he did nothing which could by any possibility be construed as entering into an agreement of any sort. He positively denies that he did enter into any agreement with the plaintiff. The language attributed to the officer, and set out in the findings, can not be construed to mean that he was entering into such an agreement as is contemplated in the Dent Act. Baltimore & Ohio R. R. Co. v. United States, 261 U. S. 592, 597; Baltimore & Ohio R. R. Co. v. United States, 261 U. S. 385.
The petition is dismissed.