*574 MEMORANDUM BY THE COURT
There can not be a recovery under the Dent Act, 40 Stat. 1272, unless there be an agreement such as the act contemplates, which is an agreement implied in fact as distinguished from an agreement implied in law, and founded upon a meeting of the minds. See Baltimore & Ohio Railroad Co. case, 261 U. S. 592, 597; 57 C. Cls. 140. Unauthorized expenditures are not recoverable. See Baltimore <& Ohio Railroad Go. case, 261 U. S. 385. To entitle a plaintiff to compensation under an alleged implied contract where the Dent Act is relied- upon “ it is essential that the, officer or agent with whom it was entered into should not merely have been holding under the Secretary of War or the President, but that he should have been acting within the scope of his authority.” Baltimore & Ohio Railroad Co. case, 261 U. S. 592, 596.
Captain Push had no authority to make a contract binding upon the Government. When the board left Nashville, no agreement had been made. The promoters of the plaintiff company had refused to agree. When Captain Push returned, he had merely the duty of drafting proper leases from the several parties concerned, to be submitted to others in Washington. If reference be had to the memorandum mentioned in the findings, which was approved by the Assistant Secretary of War, it definitely appears that the hospital board which visited Nashville had to act as a whole; one alone would not be sufficient, if one had acted. The findings also show that Colonel Hornsby could contract, but he did not do so in this case. The whole arrangement was tentative. There was no lease entered into by the Government or by anyone in its behalf duly authorized. Nor were the alleged expenditures authorized *575 by any officer of the Government. They were expenditures (except the interest item) which the parties making them might make in the upkeep of their own property.
The petition must be dismissed.