Hat, Judge,
delivered the opinion of the court:
The question, and the only question for our determination in this case, is whether the plaintiff is entitled to an additional fee based upon the cost of the substituted and temporary work apart from the fee of $250,000 which has been paid under the terms of the contract of June 20, 1917.
The contract of June 20, 1917, called for “ The construction of an aeronautical experiment station at Langley Field, near Hampton, Va., in accordance with the plans and specifications of Albert Kahn, of Detroit, Mich.”
Article I of the contract provides:
“ The contracting officer may, from time to time, by written instructions or drawings issued to the contractor, make changes in said drawings and specifications, issue additional instructions, require additional work, or direct the omission of work previously ordered, and the provisions of this contract shall apply to all such changes, modifications, and additions with the same effect as if they were embodied in the original drawings and specifications. The contractor shall comply with all such written instructions or drawings.”
The only interest which the plaintiff had in the Langley Field construction was the fee which it was to receive, and which was based upon the sliding scale of percentages to be determined by the cost of the work, but said fee was in no event to exceed the sum of $250,000. The cost of the work, therefore, was the matter in which the plaintiff was interested. It entered into .the contract of June 20, 1917, and agreed to do the work contemplated under that contract, which would have cost the Government at least $8,000,000 had the work under the contract been completed, with the distinct understanding and agreement that at such a cost in labor, material, and overhead it would receive only the *592 sum of $250,000 as a fee. It can *not be denied that the Government could have compelled the plaintiff to complete the work under the contract, no matter if the cost thereof had been more than $8,000,000, and this work it would have been compelled to perform for a total fee of $250,000. Therefore any changes in the plans and specifications or elimination or substitution of work which did not increase the cost beyond the amount which the Government could have called for under the contract, and which the plaintiff could have done and did do with the same force and organization, would not have placed upon the plaintiff any greater burden than was resting upon it under the terms of the written contract.
Under the terms of the contract the contracting officer had the right to require additional work or direct the omission of work previously ordered, as well as to make changes in the drawings and specifications. The substitution of the temporary work, which was less expensive than the permanent work, worked no hardship upon the plaintiff, and was done by it without protest. So long as the total cost of the work required of the plaintiff was less than the cost of Avork which the plaintiff could have been required to perform under the terms of the written contract the plaintiff could not complain. There was here a substitution of less expensive work than was contemplated by the contract. This was done by the plaintiff without protest and with its consent. The interest which the plaintiff had in the work was the fee, which depended upon the cost of the work. The cost of the temporary work which the plaintiff was called upon to perform, and which it did perform at the same time, and with the same force and organization with which it was doing the permanent work, was far less than that which could have been called for under the terms of the written contract. It follows that the substitution of temporary for permanent work could not obligate the Government to pay an additional fee in excess of the fee authorized by the written contract. The termination of the contract by the Government did not work a hardship upon the plaintiff. On the contrary it relieved the plaintiff of doing *593 work for which it would have received no more than had already been paid for the work which it had performed when the contract was terminated. The plaintiff recognizing this made no complaint and no protest when the contract was terminated.
This is a suit brought under the Dent Act of March 2, 1919, 40 Stat. 1272, and in order to recover the plaintiff must bring itself within the provisions of that act. It does not appear in this case that any officer or agent acting under the authority of the Secretary of War or the President entered into a contract, express or implied, with the plaintiff to pay it for the services which it claims it rendered outside of the written contract of June 20, 1917. Therefore, if for no other reason, the plaintiff can not recover, and its petition must be dismissed.
It is so ordered.
Graham, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.