Graham, Judge,
delivered the opinion of the court:
The plaintiff is seeking to recover on two causes of action growing out of separate transactions. The first cause of action is based upon an alleged informal contract. The plaintiff had two contracts with defendant — one for the manufacture of 500,000 thick-wall and the other for 750,000 thin-wall shell body forgings. These contracts were performed and plaintiff was paid the contract price in each case.
The matter in controversy is a claim to the effect that it was agreed to increase the order for 750,000 forgings to a *893 million, and that, relying upon this agreement plaintiff purchased certain materials and made certain outlays. From the cost of these materials (which were retained by plaintiff and apparently used by it) and outlays was deducted a sum by way of an allowance based upon the estimated value of the material, and the difference between these two sums is the amount claimed by plaintiff to be due for damages growing out of the alleged breach by the Government of its contract. It is not shown that any forgings were ever manufactured or delivered.
The court has found that there was no written contract and that the negotiations relative to the alleged contract were with officers of the production division who had no authority to make contracts for the defendant, and were at no time with those who had such authority. Before the negotiations were completed it was found that the appropriation covering the proposed expenditure had been exhausted. The plaintiff was so informed early in October, 1918, with the suggestion that a contract might be forthcoming should an appropriation for the purpose be made, and plaintiff acquiesced in this arrangement. Before anything further was done in the mattér the armistice occurred and the need for the materials ceased. No further steps were taken toward completing the alleged contract.
There was no valid contract, either formal or informal. But aside from this it does not appear that the claim based upon an informal contract was ever presented to or passed upon by the Secretary of War, as required by the statute of March 2, 1919, known as the Dent Act, 40 Stat. 1272, sec. 2, before suit can be brought in this court. The plaintiff is not entitled to recover on its first cause of action, and as to this the petition should be dismissed.
The second cause of action is set out in Exhibit C of plaintiff’s petition (Finding XII). An order dated January 18, 1918, was sent to plaintiff by the Ordnance Department, United States Army, for 1,535 tons, “ more or less,” of steel. This order contained the following paragraph:
“ The inspection of the steel will be conducted by the inspection division of the Ordnance Office, Sixth and B Streets,. Washington, D. C.”
*894 On January 29, 1918, this order was modified as to certain chemical requirements and extras, and on February 1 the order as modified was sent to plaintiff, received and accepted by it on February 13, 1918. Among other things it required inspection as shown by the word “ inspected.” On February 21 another order was forwarded to plaintiff apparently embodying the provisions of the prior orders, which plaintiff refused to accept on the ground that it failed to include an inspection charge of 10 cents per hundred pounds of the steel inspected by Government officials. On April 1, 1918, the Government offered to pay plaintiff inspection charges on shipments prior to February 21, 1918, but plaintiff refused to accept this offer. It thereafter proceeded with the manufacture and delivery of the material and was paid the sum fixed in the first order as amended by the Government. No inspection charges were paid. The plaintiff is suing for these charges, claiming • that it had an understanding and agreement with the officer who negotiated the original order and amendment thereto that it would be paid, and that the inspection necessitated the employment of two laborers and a slowing up of production.
The court has found that there was no such agreement. As stated, the original order and its amendment provided for inspection by Government officials, as a part of the extra work to be done for the contract price named.
There is no proof of any mutual mistake. The order was in writing. If plaintiff understood that it was to be paid for inspection, it should not have accepted the order until this was provided for. It was notified by the order of February 21 that inspection would be a part of the contract, and when it refused to accept this order without some provision for inspection charge, it was informed that the Government would pay it for inspection only up to the date of that order. Plaintiff refused to accept this offer of the defendant, and thereafter delivered the material. It therefore fulfilled the contract knowing what price the Government expected to and would pay, and that it did not cover compensation for inspection. Plaintiff can recover, therefore, only the contract price, which has been paid to it. See *895 Willard, Sutherland & Co. v. United States, 56 C. Cls. 413, 262 U. S. 489; and Nelson & Co. v. United States, 56 C. Cls. 448, 261 U. S. 17.
The petition should be dismissed, and it is so ordered.
Hay, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.