Campbell, Chief Justice,
delivered the opinion of the court:
The New York & Pennsylvania Railway Company owned a short line of railroad located partly in each of the States of New York and Pennsylvania, which it was operating at a loss, and in the fall of 1917 it began proceedings looking to a cessation of its business and the surrender of its charter. It was thus proceeding when transportation companies were taken under Federal control on or about December 28, 1917. A notice was issued to it similar to that issued generally to transportation companies by the Director General of Railroads, to the effect that the company to which the notice was addressed should continue the operation of its road until otherwise ordered. The plaintiff’s officers, no doubt because of the road’s financial stress, made inquiries about the Government’s plans and was informed in February, 1918, by the Railroad Administration that upon investigation conducted at its instance by the Interstate Commerce Commission the latter had reported that the part of the road in New York should be abandoned by the administration, but had also suggested that, for certain public reasons, the part of the line in Pennsylvania should be operated. These reasons were that there were located on the line in Pennsylvania some plants engaged in making products used as war material. The Railroad Administration’s communication ended, however, with the statement that the Government was not in position to finance the road or to take pos *972 session and operate it. Following this letter it appears that the Public Service Commission in New York authorized the plaintiff to discontinue operation of its road in that State.
The plaintiff’s application for authority to discontinue operations in Pennsylvania was pending when, in May, 1918, the general counsel of the Railroad Administration requested the court having jurisdiction in the premises to postpone the hearing until the Government could determine whether the war situation demanded the retention and operation of the road and the hearing was accordingly postponed. On June 29, 1918, the Railroad Administration notified plaintiff that its road was relinquished from Federal control. This notice did not relieve the plaintiff’s situation because almost immediately after the release by the Railroad Administration of the road one or another officer connected with the Bureau of Aircraft Production took up with plaintiff’s officers the question of continuing operations, suggesting in one instance that it might become necessary to take over the road under the power conferred by the act of August 29, 1916, not realizing perhaps that it was by virtue of that act that the President had taken the railroads under Federal control. Another of these officers proposed a plan for the continued operation of the road and one or more of them interposed objections to the granting of permission to plaintiff to abandon operations. The result of these things was that it was not until some time in January, 1919, that plaintiff secured the right to cease operations. There can be no doubt that plaintiff suffered losses, though the elements of damages are not as clear as might be made. Notwithstanding this condition, we think there can not be a recovery in this court.
The principal contention, as outlined in its voluminous petition and the brief, is that plaintiff is entitled to recover under the provisions of the act of March 2, 1919, the Dent Act, 40 Stat. 1272. The petition states that “ on or about the 5th day of November, 1919,” its claim was filed with the Board of Contract Adjustment, pursuant to the Dent Act. This act required all claims to be presented on or before June 30, 1919, to the Secretary of War. Manifestly a claim presented to the board in November, 1919, came *973 too late. The plaintiff’s representatives in November, 1918, before the Dent Act was passed, stated orally to John D. Kyan, Director of Aircraft Production, that the company had a claim against the Government for losses and damages caused by its being required to operate its road, as already stated, and on December 7, 1918, also before the Dent Act came into existence, one of its officers, wrote the director named in substance that plaintiff had such a claim but that it would be impossible to present an itemized statement until the road should be finally disposed of. The formal claim was actually filed on November 11, 1919, and not on November 5, as alleged, but long after the period fixed for presenting claims under the Dent Act. The Board of Contract Adjustment, however, heard and considered the claim, having decided that the presentation of it, in general terms, orally to the Director of Aircraft Production and afterwards in writing, as stated on December 7, 1918, was amendable and was amended by the formal filing on November 11, 1919, and therefore was “ a timely sufficient presentation of the claim ” within the meaning of the Dent Act. Claims under this act can come to the Court, of Claims only by virtue of section 2 of the act.
We can not assent to the board’s conclusion that a claim presented to an officer in the War Department prior to the enactment of the Dent Act can be amended by a formal claim filed after the date limited by the act itself so as to give the Secretary of War jurisdiction under that act. There must have been a filing after the act was passed and befox-e the date limited, June 30, and this is not to say that a claim so filed might not be properly amended. We do not think the secretary had jurisdiction of the claim or that this court has it under section 2. We deem it proper to say this much on the question of jurisdiction because a large number of Dent Act cases are upon our docket. But the board took jurisdiction and after ruling in favor of the claim finally reached the conclusion that there was no contract, express or implied, between plaintiff and any authorized representative of the Secretary of War. This final conclusion was approved by the Secretary.
*974 The court’s findings of fact sustain this conclusion. See B. & O. R. R. Co. case, 261 U. S. 385, 56 C. Cls. 377.
In addition to the claim asserted under the Dent Act plaintiff asks relief for a taking of its road. If it be conceded that the findings of fact establish a tailing of plaintiff’s road under Federal control from the notice to that effect until in June, 1918, when the Director General released control, it yet appears that the Federal Control Act of March 21, 1918, 40 Stat. 451, in section 3 thereof, prescribes the procedure to secure just compensation for the taking of transportation companies under Federal control and requires the submission of these claims in the first instance to boards of referees appointed by the Interstate Commerce Commission. Nothing appears to have been done in this case in compliance with this act. See Marion & Rye Valley Railroad case decided by the Supreme Court March 1, 1926, 270 U. S. 280.
The petition should be dismissed. And it is so ordered.
Graham:, Judge; Hat, Judge; Downey, Judge; and Booth, Judge, concur.