Campbell, Chief Justice,
delivered the opinion of the court:
Suit is brought by the trustee in bankruptcy of the Pfau Manufacturing Company seeking recovery under the terms of the Dent Act, 40 Stat. 1272. This company was awarded a contract for the making and delivery of 100,000 ammunition boxes at a stated price. The contract for this work was in writing, and a copy of it is made an exhibit to the petition. The 100,000 ammunition boxes were made, delivered, and have been paid for at the contract price. The claim now is that before the execution of the written contract the Government officer at the head of the procurement division promised the Pfau company that if it would promptly equip its plant so as to give it a capacity of 5,000 ammunition boxes per day and would keep its organization intact the said officer “ would place a further order for ammunition boxes with said Pfau Manufacturing Company.” While the general rule is that all negotiations between parties to a contract are merged in the written contract subsequently made between them, it is not necessary to invoke that rule in the present case, because, referring the matter to the Dent Act, it is quite clear that the plaintiff shows no cause of action.
(1) The officer with whom the Pfau Manufacturing Company dealt was not authorized to make contracts further *317 than to carry out the instructions of the requirement division. Indeed, he was not at all vested with authority to execute contracts. These were made by a higher official. When suit is brought under the Dent Act it is essential that plaintiff show an agreement, express or implied, entered into by him with an officer or agent acting under the authority of the Secretary of War or of the President, and it must appear that the officer or agent was acting within the scope of his authority. The agreement must be an express one or an agreement “implied in fact,” and the act does not enlarge the authority of the agent by whom it is made. Baltimore & Ohio Railroad Co. case, 261 U. S. 592, 596, 597; Baltimore & Ohio Railroad Co., 261 U. S. 385.
(2) The evidence falls far short of establishing an agreement. The officer did not assume to have authority to make an agreement such as is here relied upon. The most that can be asserted as to his action is that he assured the company’s representative that if the plant were put in position to manufacture 5,000 boxes per day and the Government was “ in the market or needed them ” the Government would be glad to keep the plant going. If upon this vague statement the Pfau Company made expenditures it did so at its own risk. We have several times had occasion to consider cases involving the question here involved. In Jacob Reed's Sons, Inc., case, 60 C. Cls. 97, it was held that the promise of a quartermaster to supply plaintiff with future contracts sufficient to compensate him for additional moneys expended for additional equipment was not such a promise as is contemplated by the Dent Act, and further that a party dealing with an agent of the Government is bound to take notice of the extent of the agent’s authority. Again, in the Morgan Engineering Co. case, 58 C. Cls. 373, 379, the court said: “ A contract can not be implied in a case where no order has been given for the manufacture of the machinery, where no time has been fixed for the commencement of its construction, and where no price has been fixed for its construction.” It was said in this case that the plaintiff went ahead without waiting for an order, and must abide by the result of its own action. See David A. Wright case, 60 C. Cls. 519; Lewis Nixon case, 59 C. Cls. 684; Booton, receiver, case, 59 C. *318 CIs. 566; Lawrence Leather Co. case, 61 C. Cls. 304; J. G. White Engineering Corporation case, 61 C. Cls. 585, 593.
We have discussed the question more at length than is. necessary, because of the fact that under the rule of the Supreme Court both parties not having made a request therefor, a special findings of fact need not be made. The petition should be dismissed. And it is so ordered.
Moss, Judge; Graham, Judge; Hat, Judge; and Booth,, Judge, concur.