The allegations and proof are reviewed in the opinion.
Campbell, Chief Justice,
delivered the opinion of the court:
The petition alleges that the W. & T. Allen Co., in September, 1918, made a bid to manufacture 120,000 pairs of woolen trousers at 80 cents per pair, inclosing the bid in a letter addressed to the office of the Quartermaster General in New York; that on October 8, 1918, “ the Government wrote the contractor ” asking what his bid would be if the material was cut and delivered by the Government, to which inquiry no reply was made, and that during October the War De~ *324 partment awarded a contract to the contractor for trousers “ at 75 cents, in accordance with, his bid.”
It is alleged that the contractor performing the contract but that before any trousers were delivered the contract was canceled by the Government and a “formal contract was never executed.” It is further alleged that Government officers had urged him to “ proceed with preparations ” to carry out the contract, and that he was doing this when he was notified “ about the middle of November ” to suspend work and that the contract would be canceled. It is claimed that the contractor made expenditures and commitments and sustained losses in preparing to do the work for which the Government should respond. The sufficiency of this petition was not challenged by demurrer or otherwise, but the case went to a commissioner, who has made a report of the facts, and it is now before the court on this report, with certain exceptions made by each party.
It is manifest that plaintiff is attempting to set forth a case governed by the Dent Act, 40 Stat. 1272. It is also plain that the petition is defective in that it fails to show the authority of any officer to make the vaguely stated contract or that he was acting under the direction of the Secretary of War or the President, as provided for in that act. “ To entitle the claimant to compensation under such an agreement it is essential that the officer or agent with whom it was entered into should not merely have been holding under the Secretary of War or the President, but that he should have been acting within the scope of his authority.” Baltimore & Ohio Railroad Co. v. United States, 261 U. S. 592, 596. The allegations show no “ agreement, express or implied,” for the payment of the expenses claimed “ which is essential to an award in plaintiff’s favor under the provisions of the Dent Act.” Baltimore & Ohio Railroad Co. case, 261 U. S. 385, 386. Not only is the petition itself faulty, but the facts reported by the commissioner do not establish the essential authority, or the agreement mentioned in the Baltimore <& Ohio case to which we have referred, even if these essential elements had been alleged. Nor does the petition make any showing as to the presentation of the claim to the Secretary of War or his action thereon under the Dent Act. There *325 being no written and duly executed contract, the only remedy was that offered by this act. As a matter of fact, the claim was considered and disallowed by the Board of Contract Adjustment, as appears from the action of that board reported in Decisions of the War Department, Vol. IV, p. 604. Its conclusion was based upon the want of any agreement as well as the want of any authority to make one. It also appears from the report of the Secretary of War filed in this case that after this action of the board, which was taken March 24, 1920, “ no appeal was taken from this decision of the Board of Contract Adjustment to the Secretary of War.” Three years after the board’s decision the petition was filed in this case. Early in the administration of the Dent Act the question arose as to when the Court of Claims acquired jurisdiction of cases arising under it, and in the case of United States Bedding Go., decided June 21, 1920, 55 C. Cls. 459, the court held that claims filed under the Dent Act must be finally decided by the Secretary of War before suit could be maintained on such claims in the Court of Claims, and that such suits must be brought as prescribed by the act. No action on the claim having been invoked or taken by the Secretary of War, this court has not acquired jurisdiction of it.
The petition should be dismissed. And it is so ordered.
Moss, Judge; Geai-iam, Judge; and Booth, Judge, concur.