Campbell, Chief Justice,
delivered the opinion of the court:
In this suit the plaintiff claims approximately $524,000, composed of several items alleged to constitute sums recoverable under the Dent Act. An elaborate report of facts has been made by a commissioner of the court and exceptions to this report were filed by the plaintiff. These have been considered and nothing substantial appearing that requires a change, the commissioner’s report is confirmed. Several items of the claim have been presented to the Board of Contract Adjustment created under the Dent Act, whose rulings have been adverse to plaintiff’s contentions. The case has been instituted in this court without any action having been taken by the Secretary of War upon the claims.
There were a number of duly executed contracts in writing entered into between the plaintiff and the Government, but these are not made the basis of complaint.
1. One claim is based upon the allegation that plaintiff contracted to manufacture 402,194 yards of webbing, that it complied with its contract and was entitled to receive about $23,000, but that the Government refused to accept the same. The fact is that this webbing was material offered under two contracts and rejected because it did not comply with specifications. Both of these contracts were subsequently *181 settled between the .parties and allowances made by the Government that were paid to .and accepted by the plaintiff in full settlement and discharge of the contracts. After-wards, this same item was presented, as already stated, under the Dent Act, to the Board of Contract Adjustment and any allowance thereon was refused by that board May 26, 1920. No appeal was taken to the Secretary of War and no action by him is shown. If there was any merit in the claim as a Dent Act claim the. failure to have the same passed upon by the Secretary of War would preclude the maintenance of the suit in this court. See United States Bedding Co. case, 55 C. Cls. 459.
2. Another claim is for the value of some 969,000 yards of olive-drab webbing. This was rejected because it could not pass inspection, having been made of smaller and lighter yarn than was required by the specifications. The contract under which it was made called for more than two million yards, and after large quantities had been supplied the contract was canceled and a full and final settlement made in July, 1919, whereby the plaintiff was paid and accepted in settlement of the contract liability a large sum. Upon the theory that this rejected webbing was contracted for in an informal contract, there is claimed about $10,000 for its breach. But no such contract, oral or written, was ever made. This, as the former claim, was also presented to the Board of Contract Adjustment as a Dent Act claim and disallowed April 3, 1920. No further action was taken by plaintiff and no action .whatever was taken by the Secretary of War. It is only from his action that an appeal is allowed. United States Bedding Co. case, supra.
3. Another claim is on account of 344,000 yards of webbing that was rejected, but was afterwards made the subject of negotiations looking to its use by the Government. It was, however, again rejected. 'Claim for it was presented to the Board of Contract Adjustment under the Dent Act and, holding that there was an informal contract, that board made an allowance in settlement, which was paid to and accepted by plaintiff.
4. Still another claim is on account of about 135,000 yards of webbing that was rejected by the Government. But this *182 claim, as was the one last above mentioned, was presented to said board, who having heard the same made an allowance in settlement which was paid to and accepted by plaintiff.
5. The further claim, much the largest of all, is to the effect that the plaintiff entered into an agreement with authorized agents of the Secretary of War to purchase a large number of looms of special kinds adapted to the Government’s work and that these officers or agents urged their purchase and the erection of a building in which to house, and operate them, and agreed to give the plaintiff contracts for heavy webbing to an extent necessary to pay for same. No such contract was ever made. The plaintiff did begin the construction of a building but before doing so sought the necessary permit, which was authorized in September, 1918, with the distinct statement that it was to be financed by the plaintiff. This claim was also presented to the Board of Contract Adjustment, which disallowed the same because there was no agreement, oral or otherwise, to reimburse the plaintiff for the looms or building. The purchase of the one and the construction of the other were the plaintiff’s own venture. No appeal from the board’s ruling was taken to the Secretary of War and no action by him in the premises is shown.
The petition should be dismissed. And it is so ordered.
Moss, Judge; Geaham, Judge; and Booth, Judge, concur.