GRAHAM, Judge,
delivered the opinion of the court:
The facts are fully set out in the findings of the court. After preliminary negotiations leading up to a contract, during which negotiations it was understood that the plaintiff would furnish a bond for $51,000 to insure deliveries on October 17, 1918, a formal contract embodying the previous' negotiations and the previous order was sent to the plaintiff. The plaintiff delayed in executing the contract and furnishing the bond until the 8th of November, when the Government, it being apparent that the armistice was soon *149 to be signed, wired plaintiff declining to carry forward the contract and requesting its return. The plaintiff refused to return the contract, and it is not to be found in the findings, and a copy is not attached to its petition. The plaintiff’s failure to sign the contract seems to have been due to its inability to obtain the necessary bond.
It will be seen, therefore, that this is an alleged informal contract, and being such comes under the provisions of the Dent Act, 40 Stat. 1212. That act requires, before this court has jurisdiction, that the claim should be submitted to the Secretary of War, and if the claim is refused, the right of appeal is given to this court. It does not appear that this claim was ever presented to the Secretary of War, and therefore this court has no jurisdiction. United States Bedding Co. v. United States, 55 C. Cls. 459; Baum, Trustee, v. United States, 64 C. Cls. 323. But more than this, the findings show that there has been no satisfactory proof of the damages alleged by the plaintiff.
The plaintiff can not recover. The petition should be dismissed, and it is so ordered.
Sinnott, Judge; Green, Judge; and Booth, Chief Justice, concur in the result.
Moss, Judge, took no part in the decision of this case on account of illness.