LittletoN, Judge,
delivered the opinion of the court:
Plaintiffs ask judgment for $12,016.53, with interest, as just compensation for the alleged cancellation of a contract which they claim they had with the defendant for the manufacture of 30,000 pairs of woolen trousers for the United States Army. The amount claimed is based upon expenditures for machinery and equipment claimed to have been made in preparation for the performance of the alleged contract.
Plaintiffs are not entitled to recover because, first, there was no contract, informal or otherwise; secondly, assuming that there was an informal contract there was no appeal to *645 the Secretary of War as required by tbe Dent Act. The facts show that the Government called for bids to be submitted to the Quartermaster General at New York for the manufacture of trousers, reserving the right to accept a percentage of all bids. It was also provided in the call for bids that they must be on the basis of actual present production and that increased capacity, due to installation of new machines, would not be permitted.
Plaintiff submitted a proposal in excess of its actual present production. Plaintiff was already engaged in the performance of a contract with the Government upon which it was delinquent in its deliveries. After plaintiffs had submitted their bid to the Quartermaster General a member of the firm made several inquiries of Lieutenant Mann, of the Quartermaster Corps, stationed at the quartermaster depot at Boston, with reference to the matter of the contract, and Mann expressed his opinion that plaintiffs would be awarded a contract. Mann was not authorized to make a contract with plaintiffs, and he had at no time told them that a contract had been awarded to them by anyone having authority to do so. Shortly after the conversation with Mann plaintiffs commenced to procure additional equipment and machinery in anticipation of a contract for which it had made a bid and in anticipation of possible further contracts with the Government. The total of such expenditures exceeded the profit that would have been earned had the contracts for which the plaintiffs had submitted a proposal been made.
November 2, 1918, Lieutenant Mann notified plaintiffs of advice from the Quartermaster General at New York that they had been recommended) for an award on woolen trousers. The recommendation of the Quartermaster General was not an award of a contract to plaintiffs. So far as appears, nothing further was ever done about the matter of the contract. Upon these facts it is clear that plaintiffs never had a contract with the Government.
If it be assumed that the recommendation of the office of the Quartermaster General at New York and the conversations by a member of the partnership of Eosenfield & Eapkin with Lieutenant Mann could be regarded as an in *646 formal contract, plaintiffs can not recover inasmuch as no appeal was taken to the Secretary of War and there is no proof that this official ever decided the matter. United States Bedding Co. v. United States, 55 C. Cls. 459. Baum, Trustee, v. United States, 64 C. Cls. 323.
The petition must be dismissed and it is so ordered.
Williams, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.
Whaley, Judge, did not hear this case and took no part in the decision thereof.