Williams, Judge,
delivered the opinion:
This is a suit to recover $17,748.87, an amount the plaintiff claims to have lost by reason of the cancellation of a contract it had with the defendant to furnish the War Department with 250,000 pounds of lanolin.
During the World War the United States Government was in urgent need of lanolin. The plaintiff’s plant was one of the few plants equipped to manufacture the same.
*346 In August, 1918, the plaintiff received an order from the .gas defense division of the Chemical Warfare Service for all the lanolin it was capable of producing. At the time this order was given it was stated by the authorized negotiating officer of the gas defense division, to representatives of the plaintiff, that the price of wool grease, an essential ingredient in the manufacture of lanolin, would be definitely determined by the War Industries Board, and necessary arrangements were made by the board for the plaintiff to procure the required wool grease for the manufacture of such lanolin. It was agreed that as soon as the price of wool grease was fixed a formal contract would be entered into covering all of the lanolin that had been supplied to the Government by the plaintiff and further deliveries to be made in the future.
In October, 1918, the War Industries Board fixed the price of wool grease at 16 cents per pound.
On November 6, 1918, a formal written contract was drawn up and prepared by officials of the War Department and forwarded to the plaintiff for signature. The said contract called for 250,000 pounds at 26 cents per pound. The proposed contract was never signed either by the plaintiff or by the defendant, and no formal contract was entered into by and between the plaintiff and the United States Government for the manufacture and sale of the said lanolin.
On November 11, 1918, the plaintiff received a telegram from the gas defense division, of the War Department, notifying it of the cancellation of the contract, with orders to discontinue the manufacturing processes to the fullest extent possible.
Prior to November 11, 1918, when the plaintiff was notified to cease the manufacture of lanolin for the Government, the plaintiff had delivered a large amount of lanolin on oral and written orders, the exact amount not being shown. The entire amount delivered was paid for by the Government at 26 cents per pound and is not involved in this suit.
*347 When the plaintiff was ordered on November 11, 1918, to cease manufacturing lanolin for the Government, it had on hand certain materials which it was to use in the manufacture of lanolin for the Government which was after-wards sold by the plaintiff and by reason of the decreased market value of such materials the plaintiff sustained a loss of $14,354.81.
All lanolin manufactured by the plaintiff under the various orders and requisitions filed herein by plaintiff was delivered to and paid for by the Government and is not involved in this action.
The contemplated formal contract prepared by the defendant and forwarded to the plaintiff, November 6, 1918, was not signed by either the plaintiff or the defendant. It was therefore not a contract within the meaning of section 3744 of the Kevised Statutes for the cancellation or breach of which the Government would be liable to the plaintiff in damages. American Rolling Mill Co. v. United States, 61 C. Cls. 882.
The cases cited by the plaintiff, Barrett Company v. United States, 273 U. S. 227; Peninsular Stove Co. v. United States, 58 C. Cls. 36; and United States v. Burton Coal Co., 273 U. S. 337, do not sustain plaintiff’s position, as formal contracts were in each case cited entered into by and between the parties.
The plaintiff in this case is not entitled to recover on an informal contract, as no claim on that ground was filed with the War Department Claims Board at any time on or prior to June 30,1919.
For the reasons stated the plaintiff’s petition should be dismissed. It is so ordered.
LittletoN, Judge; GreeN, Judge; and Booth, Chief Justice, concur.
Whalet, Judge, did not hear this case and took no part in its decision.