Williams, Judge,
delivered the opinion:
The petition alleges that the plaintiff and the United States through its authorized representative, on November 8, 1918, made and entered into an agreement whereby the plaintiff agreed to manufacture, produce, and deliver to the United States during each of the months of January, February, and March, 1919, 600,000 one-pound cans of corned-beef hash, and that the United States agreed to accept the delivery of the corned-beef hash for the three months aforesaid and to pay plaintiff therefor in accordance with the terms of the agreement.
It is further alleged that upon the faith of the said agreement plaintiff contracted with the American Can Company, *643 prior to November 12,1918, to furnish to the plaintiff 600,000 one-pound tin cans for each of the months of January, February, and March, 1919; that plaintiff manufactured and delivered to the United States 600,000 one-pound cans of corned-beef hash for each of the months of January and February, in accordance with the agreement, and that the same were accepted and paid for by the defendant, at the contract price; but that the defendant refused to accept delivery of the 600,000 cans of corned-beef hash for the month of March, and on January 24, 1919, notified the plaintiff in writing to that effect; that on January 24, 1919, plaintiff had on hand 50,111 pounds of corned'beef and other materials and supplies for the manufacture and production of the corned-beef hash which it had agreed to deliver in March, 1919, upon which, and as a result of the refusal of the defendant to accept the same, it suffered a loss of $12,716.16; that prior to June 30, 1919, plaintiff presented its claim to the Secretary of War for adjustment under the provisions of the Dent Act (act of March 2, 1919), and on March 23, 1920, the Secretary of War rendered a decision in which he failed and refused to offer any adjustment, payment, or compensation in discharge of the said agreement.
The alleged agreement not having been reduced to writing and signed by the parties, the plaintiff seeks recovery under the act of March 2, 1919 (40 Stat. 1272), commonly known as the Dent Act. To entitle plaintiff to recover, it is incumbent upon it to show:
(1) That Major Otto F. Skiles, who made the agreement on behalf of the Government, was acting within the scope of his authority under the direction of the President or the Secretary of War. Baltimore & Ohio R. R. Co. v. United States, 261 U. S. 385.
(2) That the agreement was entered into prior to November 12, 1918, and that prior to that date the agreement was performed in whole or in part, or that expenditures were made or obligations incurred by plaintiff upon the faith of the same.
(3) That the claim was presented to the Secretary of War for adjustment, and that the Secretary has failed or refused to offer satisfactory adjustment, payment, or compensation.
*644 The purpose of the Dent Act was to afford relief to persons, firms, and corporations, who, acting in good faith, upon “ any agreement, express or implied * * * entered into, * * * by any officer or agent acting under his [Secretary of War] authority, * * * ” had in whole or in part performed such agreement, or where expenditures had been made or obligations incurred upon the faith of the same. The act gives the Secretary of War authority to “ adjust, pay, or discharge ” such agreements upon a fair and equitable basis.
This court has jurisdiction to hear and determine a claim arising under this statute only in the event a claimant “ shall not be willing to accept the adjustment, payment, or compensation offered by the Secretary of War * * *, or in the event that the Secretary of War shall fail or refuse to offer a satisfactory adjustment * *
The plaintiff filed its claim with the Secretary of War and it was considered by the board of contract adjustment in the War Department, which board on March 28, 1920, rejected the claim. No appeal was taken from the decision of the board to the Secretary of War, although the plaintiff under the practice adopted by the War Department for the consideration of claims arising under the Dent Act had a right to do so.
The plaintiff contends the decision of the board of contract adjustment in this case was the decision of the Secretary of War within the meaning of the statute; that in legal contemplation the claim was presented to and decided by him; and that by virtue of the adverse decision of the board the court has jurisdiction to hear and determine the case.
The court has heretofore decided this precise question. United States Bedding Co. v. United States, 55 C. Cls. 459; Delaine Mills (Inc.) v. United States, 57 C. Cls. 453; American Rolling Mill Co. v. United States, 61 C. Cls. 882; Nathan Baum, Trustee, etc., v. United States, 64 C. Cls. 323; Everlastik (Inc.) v. United States, 65 C. Cls. 171, certiorari denied 278 U. S. 643.
In Nathan Baum, Trustee, etc., v. United States, supra, Chief Justice Campbell, speaking for the court, said (p. 325) :
*645 “ * * * the claim was considered and disallowed by the board of contract adjustment. * * * It also appears ‘ * * that after this action of the board, which was taken March 24, 1920, £ no appeal was taken from this decision of the board of contract adjustment to the Secretary of War.’ * * * Early in the administration of the Dent Act the question arose as to when the Court of Claims acquired jurisdiction of cases arising under it, and in the case of United States Bedding Oodecided June 21, 1920, 55 C. Cls. 459, the court held that claims filed under the Dent Act must be finally decided by the Secretary of War before suit could be maintained on such claims in the Court of Claims, and that such suit must be brought as prescribed by the act. No action on the claim having been invoked or taken by the Secretary of War, this court has not acquired jurisdiction of it.”
In Everlastik (Inc.) v. United States, supra, the court said (p. 181) :
“Afterwards, this same item was presented as already stated, under the Dent Act, to the board of contract adjustment and any allowance thereon was refused by that board May 26, 1920. No appeal was taken to the Secretary of War and no action by him is shown. If there was any merit in the claim as a Dent Act claim the failure to have the same passed upon by the Secretary of War would preclude the maintenance of the suit in this court.”
The decision of the board of contract adjustment rejecting plaintiff’s claim was not a failure or refusal on the part of the Secretary of War to offer a satisfactory adjustment or payment of the claim. The claim was not presented to him within the meaning of the Dent Act. This court, therefore, is without jurisdiction to hear and determine the same.
The petition is dismissed. It is so ordered.
LittletoN, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.
Whaley, Judge, took no part in the decision of this case on account of illness.