ROTHENSIES, Collector of Internal Revenue, v. ULLMAN et ux.

No. 7110.

Circuit Court of Appeals, Third Circuit.

March 15, 1940.

Walter I. Summerfield, of Philadelphia, Pa., for appellees.

Before BIGGS, MARIS, and JONES, Circuit Judges.

MARIS, Circuit Judge.

The Commissioner of Internal Revenue having assessed a tax against David L. Ullman as transferee of the Trainor Company for income taxes due from that company for the year 1933, the appellant caused a warrant of distraint to be issued against a joint deposit account of Ullman and his wife in the Tradesmens National Bank and Trust Company. The bank refused to honor the distraint. On February 27, 1939 the District Court for the Eastern District of Pennsylvania upon the petition of the appellees entered an order quashing the warrant of distraint upon the ground that the appellees held as tenants by entireties the account against which it was directed and that such an estate under the laws of the Commonwealth of Pennsylvania cannot be attached or levied upon for an obligation due by either spouse individually. The period of ten days fixed by Sec. 1007, Rev.Stat., as amended, 28 U.S.C.A. § 874, having expired and no appeal having been taken or stay obtained by the appellant, the appellees on March 15, 1939 withdrew the entire balance on deposit in their joint account in the Tradesmens National Bank and Trust Company. Sixty-nine days later notice of appeal from the order of the district court quashing the warrant of distraint was filed by the appellant. Thereafter the appellees moved to dismiss the appeal for the reason that the issues involved had become moot.

Although the question was not raised in the district court the appellant now contends that the court was without jurisdiction to quash the warrant of distraint. Sec. 934, Rev.Stat., 28 U.S.C.A. § 747, provides that "All property taken or detained by any officer or other person, under authority of any revenue law of the United States, shall be irrepleviable, and shall be deemed to be in the custody of the law, and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof." It was early held that property of a third party seized under a warrant of distraint for the payment of taxes was "property taken or detained by any officer" within the meaning of this section. Treat v. Staples, Fed.Cas. No. 14,162, Holmes 1; Brice v. Elliott,

J. Cullen Ganey, U. S. Atty., Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and Croft Jennings, Sp. Assts. to Atty. Gen., for appellant.

Fed.Cas. No. 1,854, 2 Wkly.Notes Cas., Pa., 560. It has been held by the Supreme Court that district courts having jurisdiction of property "taken or detained" by revenue officers are given power by the last clause of the section to decide claims of title and to award to the rightful owner possession of the property seized. Ex parte Fassett, 142 U.S. 479, 12 S.Ct. 295, 35 L.Ed. 1087. Such property, although seized by executive warrant, is, as the act expressly provides, "in the custody of the law" and subject to "the orders and decrees of the courts of the United States" having jurisdiction of the officer and the property under Sec. 24(5), of the Judicial Code, 28 U.S.C.A. § 41(5).

■ We do not think that the district court was deprived of jurisdiction by Sec. 3653, Int.Rev.Code, 26 U.S.C.A. which provides as to a taxpayer that " * * * no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court," and as to a transferee that "No suit shall be maintained in any court for the purpose of restraining the assessment or collection of (1) the amount of the liability, at law or in equity, of a transferee of property of a taxpayer in respect of any income, war-profits, excess-profits, or estate tax * * *."

■■ In the case before us the district court was not called upon to determine the validity of the assessment against the Trainor Company or its transferee. It was not requested to restrain the collection of the tax as such. The effect of the court's order was merely to dissolve the levy made upon the property which the court found the collector had no legal right to seize as the property of the transferee. The order of the district court does not restrain the collector from distraining upon any property of Ullman for the collection of the amount claimed. We think that the section of the Internal Revenue Code which we have quoted was not intended to deprive the courts of jurisdiction to restrain revenue officers from illegally collecting taxes out of property which does not belong to the person indebted to the government. Long v. Rasmussen, D.C., 281 F. 236. It follows that the court below had jurisdiction to make the order appealed from.

■ As has already been pointed out, more than ten days after the entry of the order quashing the warrant of distraint and long before an appeal was taken the appellees withdrew the funds from the bank account distrained upon. In view of the failure of the appellant to apply for or obtain a supersedeas within the ten days' period the appellees were entitled to treat the account as unaffected by any lien dependent upon the warrant of distraint which had theretofore been quashed by the district court acting, as we have seen, within its jurisdiction. The controversy, therefore, now relates to a res which is no longer in existence. Since there is now no subject matter upon which the judgment of this court can operate the appeal must be dismissed without considering its merits. Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293; American Book Co. v. Kansas, 193 U.S. 49, 24 S.Ct. 394, 48 L.Ed. 613; Brownlow v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620; Northwestern Light & Power Co. v. Town of Milford, 8 Cir., 82 F.2d 45.

The appeal is dismissed.