**SCHWEINLER v. MANNING, Collector of Internal Revenue.**

Civ. No. 78–49.

United States District Court
D. New Jersey.

Nov. 25, 1949.

Vincent E. Hull, Newark, N. J., for plaintiff.

Alfred E. Modarelli, U. S. Attorney, Newark, N. J., Roger M. Yancey, Asst. U. S. Attorney, Newark, N. J., for defendant.

SMITH, District Judge.

This is a civil action brought by the plaintiff to compel cancellation of a levy made by the defendant, the Collector of Internal Revenue, and to enjoin its enforcement. The action is before the Court at this time on the motion of the defendant to dismiss the complaint. The grounds urged in support of the motion are: first, the failure of the complaint to state a claim upon which relief can be granted; second, the lack of jurisdiction in the court; and third, the availability of an adequate remedy at law. We shall consider these grounds separately.

Failure of Complaint to State a Claim

A proper understanding of the question raised by this ground will require nothing more than a brief summary of the essential facts alleged in the complaint. A full recital of the numerous allegations seems unnecessary.

The plaintiff is the wife of one Frederick L. Schweinler, hereinafter identified as the Taxpayer, who created an irrevocable trust for the benefit of the plaintiff and their children. Pursuant to the trust agreement the Taxpayer assigned and granted to the Fidelity Union Trust Company, hereinafter identified as the Trustee, "all of his right, title and interest" in and to the property therein described for the "uses and purposes" therein defined.

The entire income derived from the said trust was payable to the plaintiff under the express terms of the trust agreement, provided that the amount thereof did not exceed $32,500 a year. The amount in excess of $32,500 was payable to the Taxpayer. The income from the trust has never exceeded the said amount, and there is, therefore, nothing due and owing to the Taxpayer.

Pursuant to the provisions of the Internal Revenue Code, 26 U.S.C.A. § 3690, et seq., the defendant issued a warrant for distraint under authority of which a levy was made upon "all property, rights to property, moneys, credits or bank deposits" belonging to the Taxpayer and in the possession of the Trustee. A warrant for distraint and a notice of levy were served on the Trustee on August 28, 1948. Thereafter the Trustee refused to make payments to the plaintiff under the trust agreement.

The defendant served upon the Trustee a "Notice and Demand for Payment" on September 10, 1948, but thereafter took no action to enforce collection. If any action was taken it is not alleged in the complaint. The present civil action was instituted by the plaintiff on February 1, 1949.

The complaint alleges, in addition to the facts hereinabove summarized, that "the levy and notice served upon Fidelity Union Trust Company, Trustee, by the defendant John E. Manning, Collector of Internal Revenue, are illegal and of no legal effect for the reason that Frederick L. Schweinler, whose property alone would be subject to said levy and notice, has no legal interest or ownership whatever in the aforesaid trust fund or of any of the income thereof, and in any event has no interest or ownership in the income which has accumulated in the months of September, October, November, December, 1948, and up to January 6, 1949."

The defendant argues that the levy is directed only against the property of the Taxpayer and not against the property of the plaintiff. This argument is somewhat tenuous. The express language of the notice of levy is so comprehensive that the Trustee could not make further payments under the trust agreement without exposing itself to the personal liability imposed by Section 3710 of the Internal Revenue Code, 26 U.S.C.A. § 3710. It seems obvious that the levy encumbers the plaintiff's beneficial interest in the trust estate, especially where, as here, the property rights of the taxpayer cannot be segregated and seized.

The argument of the defendant suggests that the plaintiff must await the institution of an action by him, a civil action in which the rights of the plaintiff and the Taxpayer may be adjudicated. The adoption of this argument as sound would leave the plaintiff either without a remedy or with a remedy wholly inadequate. It would be an injustice to leave the plaintiff in her dilemma while awaiting the initiation of some proceeding by the defendant. An example of the injustice that can result is found in this case. The levy was made in August of 1948 and, as far as we know, the defendant has taken no further action to enforce his rights under the levy.

■ It is the further argument of the defendant that the present action, if sustained, will nullify "the government's right to pursue its remedy under Section 3710(b) of the Internal Revenue Code, 26 U.S.C.A. § 3710(b)." We cannot agree with this contention. This section imposes upon a third party in possession of any property of a taxpayer, a personal liability for failure or refusal to surrender it upon demand. This remedy is still available; in fact, if an appropriate action is commenced by the defendant at this time, it may be consolidated with the present action to the end that all claims may be adjudicated at one time.

### Lack of Jurisdiction in the Court

■ The argument advanced by the defendant in support of this ground is predicated on Section 3653(a) of the Internal Revenue Code, 26 U.S.C.A. § 3653(a), which provides: "no suit for the purpose of restraining * * * the collection of any tax shall be maintained in any court." It has been held that this statute has no application except to suits by taxpayers. Rothensies v. Ullman, 3 Cir., 110 F.2d 590, 592; Tomlinson v. Smith, 7 Cir., 128 F.2d 808, 811; Jones v. Kemp, 10 Cir., 144 F.2d 478, 480; Glenn v. American Surety Co., 6 Cir., 160 F.2d 977, 981; Stuart v. Chinese Chamber of Commerce of Phoenix, 9 Cir., 168 F.2d 709, 712, and National Iron Bank v. Manning, D.C., 76 F.Supp. 841, 843. This is not a suit by a taxpayer to enjoin the collection of a tax; this is a suit by a third party to relieve her property of a levy which she alleges was illegally made. The statute does not deprive the courts of jurisdiction of such suits. Ibid.

■ The levy placed the property "in the custody of the law, * * * subject only to the orders and decrees of the courts of the United States having jurisdiction" under Section 2463 of Title 28 U.S.C.A. See also Rothensies v. Ullman, 3 Cir., 110 F.2d 590, 592. It appears that the only remedy available to a third party whose property is in the custody of the law under a levy made under authority of the revenue laws is an action to dissolve the levy. The remedy available to the taxpayer under the revenue laws cannot be invoked by a third party for whom no provision is made. An innocent third party cannot be expected to pay the tax for which he is obviously not liable and then maintain an action for its refund. See Stuart v. Chinese Chamber of Commerce of Phoenix, supra, 168 F.2d at page 712.

### Availability of an Adequate Remedy at Law

■ This ground rests solely on the following argument: "If suit to restrain the Collector had been brought by the Fidelity Union Trust Company it would not lie because its defense to an action for the penalty provided by Section 3710(b) is an adequate remedy at law." This argument is not sound. The availability of a legal defense cannot be regarded as an adequate and complete remedy at law. See American Life Insurance Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268. A remedy at law is complete and adequate, within the meaning of the generally accepted principle embodied in the federal statute, only if its efficiency is equal to that of the remedy available in a court of equity. A remedy available only by way of defense in an action at law by one's adversary is lacking in "equality in efficiency" and "equality in certainty." Ibid.

### Question Not Raised

■ The action appears to be one which can be maintained by the plaintiff, as the beneficiary of the trust estate, only if the Trustee has improperly refused or neglected

to bring an appropriate action. The complaint fails to allege such refusal or neglect by the Trustee. This ground was not urged either at the hearing or in the briefs, and we are reluctant to decide the issue which it raises without granting the parties an opportunity to be heard. It is possible that the defect, if any, may be corrected by either the amendment of the pleadings, if the facts warrant, or the proper joinder of the Trustee.

### Conclusion

The motion to dismiss the complaint will be denied for the reasons herein stated. The plaintiff will prepare an appropriate order and submit it to the Court upon notice to the defendant.