**RAFFAELE et ux. v. GRANGER, Collector of Internal Revenue.**

**No. 1668 Misc.**

United States District Court
W. D. Pennsylvania.

Oct. 10, 1951.

Louise Little, Pittsburgh, Pa., for petitioner.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for respondent.

McVICAR, District Judge.

This action is now before the court on petitioners' petition to quash warrant of distraint, and also on respondent's motion to dismiss the petition.

The petitioners are husband and wife. They were married September 18, 1913. They carried three bank accounts in their joint names as tenants by entireties. One bank account was in the Union National Bank of Carnegie; another was in the Carnegie National Bank, and the other was in the Mellon National Bank of Pittsburgh. The respondent is the Collector of Internal Revenue at Pittsburgh, which is the 23rd collection district of Pennsylvania. On April 11, 1951, pursuant to a tax alleged to be due from the husband, respondent issued a warrant of distraint on the aforesaid three bank accounts. Respondent relied on Title 26 United States Code, Section 3653 for his right to proceed without court interference with the warrant of distraint. This Section provides that " * * * no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

In Rothensies, Collector of Internal Revenue v. Ullman et ux., 110 F.2d 590, the Circuit Court of Appeals, Third Circuit, laid down the following rules which appear in the syllabus of said case:

"1. A joint bank account held by husband and wife as tenants by entireties, against which warrant of distraint had been issued for husband's income taxes, was 'property taken or detained by any officer' and in the 'custody of the law' within terms of statute giving federal courts jurisdiction thereof, and hence federal court had jurisdiction to quash the warrant of distraint. 28 U.S.C.A. § 747; Jud.Code § 24(5). 28 U.S.C.A. § 41(5)

"2. The Federal District Court had jurisdiction to quash warrant of distraint for husband's income taxes issued against joint bank account held by husband and wife as tenants by entireties, notwithstanding statute prohibiting suits to restrain assessment or collection of tax, where court was not called upon to determine validity of the assessment but only to determine that the account was not subject to seizure for obligation due by husband alone. Jud. Code § 24(5). 28 U.S.C.A. § 41(5); 28 U.S.C.A. § 874; 26 U.S.C.A.Int.Rev.Code § 3653.

"3. The statute prohibiting suit to restrain assessment or collection of tax was not intended to deprive courts of jurisdiction to restrain revenue officers from illegally collecting taxes out of property which does not belong to the taxpayer. 26 U.S.C.A.Int.Rev.Code § 3653."

See also Hutcherson et al. v. United States, D.C.W.D. Mo., 92 F.Supp. 168. Also United States v. Hutcherson et al., 8 Cir., 188 F.2d 326. Also Berhalter v. Berhalter, 315 Pa. 225, 228, 173 A. 172.

I am of the opinion under the facts of this case and the authorities aforesaid, that the petition to quash the writ of distraint should be granted, and that the motion to dismiss the petition should be refused.