RAFFAELE et al. v. GRANGER, Collector of Internal Revenue.

No. 10586.

United States Court of Appeals
Third Circuit.

Argued Feb. 18, 1952.

Filed May 14, 1952.

Herbert C. Brinkman, Jr., Cincinnati, Ohio, for appellant.

John J. Kane, Jr., Cleveland, Ohio, for appellee.

Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

Frederic G. Rita, Washington, D. C. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, Special Assts. to the Atty. Gen., Edward C. Boyle, U. S. Atty., W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., on the brief), for appellant.

Henry Kauffman, Pittsburgh, Pa. (Louis Little, Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER and HASTIE, Circuit Judges and HARTSHORNE, District Judge.

HASTIE, Circuit Judge.

This is an appeal by a Collector of Internal Revenue from an order of a district court quashing a warrant of distraint.

Against one who fails upon demand to pay taxes owed the United States, a Collector of Internal Revenue has a statutory remedy of "distraint upon the goods, chat-

tels or * * * bank accounts of the person delinquent".[1] Purporting to exercise this power with reference to property of Antonio Raffaele, a tax delinquent, the Collector who is appellant here issued a warrant of distraint and levied thereunder upon certain deposits standing in banks in the Western District of Pennsylvania to the credit of Antonio Raffaele and his wife, Marietta Raffaele. Thereupon the spouses filed a "petition to quash warrant of distraint" in the United States District Court for the Western District of Pennsylvania. The court required the Collector to show cause why the warrant of distraint should not be quashed. In response, the Collector filed a motion to dismiss the petition challenging the court's jurisdiction and the petitioners' procedure. The motion to dismiss was denied and the petition to quash was granted, D.C., 100 F.Supp. 390.

The Collector urges that the proceeding in the district court was improper both because the purpose and effect of the litigation was to restrain the collection of a tax in disregard of the prohibition of Section 3653(a) of Title 26 of the United States Code and because the court permitted summary procedure not in conformity with the rules governing the institution and conduct of civil actions in district courts.

Both questions must be considered in the light of what the petitioners have claimed and the record reveals concerning ownership of the distrained property. It is alleged that each of the bank accounts upon which the Collector levied was created in the joint names of the husband and wife "as tenants by the entireties". The Collec-

tor admits the joint accounts of husband and wife and that the law of Pennsylvania calls the ownership in these cases tenancy by the entireties. Madden v. Gosztonyi Savings & Trust Co., 1938, 331 Pa. 476, 200 A. 624, 117 A.L.R. 904, confirming a long line of adjudicated · cases. But he contends that what Pennsylvania says is not really true because the deposits are so established that either spouse may draw upon them. This power of each spouse to withdraw funds, he argues, is inconsistent with the unity of control and singleness of estate fundamental to the conception of tenancy by the entireties and shows that the individual spouse has independent authority over the account and a severable interest in it. The simple answer we think is that Pennsylvania law views this power of each spouse as a power to act for both, and no more. And Pennsylvania carries through with this conception so that the ownership of both attaches to funds withdrawn by either. See Madden v. Gosztonyi Savings & Trust Co., supra.

We think it clear that Pennsylvania has in legal effect created with reference to such bank accounts as these a unity of ownership by the spouses as if they were a single personality.[2] The interest of neither is severable except by consent of both. Any attempt to deal separately with or dispose of the interest of one is in derogation of the other spouse's ownership of the entire property and, therefore, legally ineffective. It is the inevitability of destruction of property rights which the Pennsylvania law has vested in both spouses which necessarily places title beyond the

1. 26 U.S.C. § 3690. Authority to distrain.
    "If any person liable to pay any taxes neglects or refuses to pay the same within ten days after notice and demand, it shall be lawful for the collector or his deputy to collect the said taxes, with such interest and other additional amounts as are required by law, by distraint and sale, in the manner provided in this subchapter, of the goods, chattels, or effects, including stocks, securities, bank accounts, and evidences of debt, of the person delinquent as aforesaid."

2. In C.I.T. Corp. v. Flint, 1939, 333 Pa. 350, 354-55, 5 A.2d 126, 128, 121 A.L.

R. 1022, the Supreme Court of Pennsylvania said: "The title, legal and equitable, was in what may be regarded as a distinct legal entity, consisting of the unified personalities of the husband and wife, somewhat as if—although the analogy is, of course, a crude one—the spouses together constituted a corporate body. * * * In such a tenancy each spouse is seized *per tout et non per my*. There is but one legal estate, which, by a long course of judicial decisions, has been buttressed against inroads attempted either by the parties themselves or by their individual creditors."

reach of those claiming solely against either. And it does not matter that a claim against one spouse is being asserted under a federal statute for taxes owed the United States. The United States has no power to take property from one person, the innocent spouse, to satisfy the obligation of another, the delinquent spouse. Cf. Jones v. Kemp, 10 Cir., 1944, 144 F.2d 478; United States v. Hutcherson, 8 Cir., 1951, 188 F.2d 326.

■ This analysis makes clear the answer to the Collector's contentions, stated at the beginning of this opinion. This court and others have consistently held that Section 3653(a) of Title 26 does not prevent judicial interposition to prevent a Collector from taking the property of one person to satisfy the tax obligation of another. Rothensies v. Ullman, 3 Cir., 1940, 110 F.2d 590; Glenn v. American Surety Co., 6 Cir., 1947, 160 F.2d 977; Long v. Rasmussen, D.-C. Mont. 1922, 281 F. 236. And that is what the Collector has attempted to do here, whether his attack be viewed as an invasion of property of the wife or of title vested in "a distinct legal entity, consisting of the unified personalities of the husband and wife". See C.I.T. Corp. v. Flint, supra, note 2.

■ The other contention of the Collector, that petitioners cannot have summary process without plenary civil action to release their property from illegal distraint, also fails. Distraint is a summary, extra-judicial remedy having its origin in the common law. There, a form of self-help, it consisted of seizure and holding of personal property by individual action without intervention of legal process for the purpose of compelling payment of debt. Relief of one aggrieved by the levy of distraint, at common law, was by an action of replevin against the distrainor. Pollock and Maitland, History of the English Law, Vol. II, page 577. In our time, distraint, together with a power of sale, has been made available to the Collector of Internal Revenue as a sanction for securing payment of taxes which persons liable have refused or neglected to pay. But property taken or detained under any revenue law, unlike property seized at common law, is not repleviable. By Section 2463 of Title 28 of the United States Code, however, it is "deemed to be in the custody of the law" and is subject to the "orders and decrees of the courts of the United States having jurisdiction thereof".[3]

■■ In this case, we think it is clear that "the court having jurisdiction thereof" is the district court for the Western District of Pennsylvania wherein the property is situated and the distraint has occurred. Cf. In re Fassett, 1891, 142 U.S. 479, 12 S.Ct. 295, 35 L.Ed. 1087; U.S. v. Dallas National Bank, 5 Cir., 1946, 152 F.2d 582; In re Behrens, 2 Cir., 1930, 39 F.2d 561; Gillam v. Parker, D.C.S.C.1927, 19 F.2d 358. Moreover, a plenary civil suit is not necessary to enable a court to exercise jurisdiction over property thus in custodia legis. It suffices that the statute says property distrained by the tax collector is deemed to be before the court and "subject only to * * * [its] orders and decrees * * *." Once due process has been satisfied by notice to the interested parties and opportunity to be heard, the court may proceed summarily to adjudicate the rightfulness of seizure. Cf. In re Behrens, supra; Gillam v. Parker, supra. It follows, of course, that in proper case the levy may be dissolved. Schweinler v. Manning, D.C.N.J.1949, 88 F.Supp. 964. A most obviously proper case is that in which it appears that the Collector, authorized only to levy distraint upon "bank accounts of the person delinquent" has levied upon accounts of another.

■ Finally, we have considered a contention of the Collector that the district court improperly released property from distraint without giving him an opportunity to offer proof of relevant facts. What happened in this connection was informal and is not clear on the record. However, at

3. "All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof." 28 U.S.C. § 2463.

most it seems that the Collector sought an opportunity to show that into preexisting bank accounts owned by the spouses as tenants by the entireties the husband deposited certain personal funds after a tax levy against his property became imminent. In substance it is the Collector's position that he was deprived of an opportunity to justify a levy upon property of B for the taxes of A by proving something like a transfer from A to B in fraud of creditors, which equity should set aside. It may well be that such an approach would be permissible in some other proceeding but the distrainor may not be heard to argue that he has exercised the prerogatives of the chancellor. Historically and in sound reason he who would employ distraint as a special extra-judicial remedy and form of self help must justify his seizure of property on the basis of title as it is and not as he thinks in equity it ought to be.

The judgment will be affirmed.