**NIX v. HOLLAND.**

No. 4564.

United States District Court
N. D. Georgia, Atlanta Division.

Sept. 2, 1953.

Hal Lindsay, Atlanta, Ga., Boykin & Boykin, Carrollton, Ga., for plaintiff.

Eugene Cook, U. S. Atty., Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

In this case the plaintiff, Cecil Nix, seeks an injunction which will quash certain assessments, warrants of distraint, levies and notices of liens against petitioner, naming W. W. Holland, Director of Internal Revenue, as defendant. The assessments in question were made against the plaintiff upon the theory that plaintiff was transferee from his son-in-law, one Robert L. Archer, who owed the government considerable sums of money in taxes. When this action was brought the Government had levied on various properties owned by plaintiff, including his bank account, for purposes of collecting these assessments against his son-in-law. The theory of the Government was that the son-in-law, to avoid these assessments, had transferred certain properties to his wife who, in turn, had transferred them to her father, the plaintiff. Attorneys for the Government stated in open court that it would be shown these transactions were fraudulent. Upon a full trial of the case, however, the evidence showed without dispute (the government having introduced no testimony) that over a long period of time prior to the issuance of this assessment against Archer, he had become indebted to this plaintiff on account of various loans, and through other transactions wherein he had failed to account to plaintiff for proceeds of sales made by him on plaintiff's account. In some instances Archer did make certain conveyances to his wife who, in turn, made conveyances to the plaintiff, but these were executed, delivered and recorded in good faith long before any notice was given to this plaintiff, of the claims by the Government against Archer. Some of these conveyances purport to be warranty deeds, but it appearing without dispute that they were not sales but were given to secure loans, and since possession was not given pursuant to the deeds, it is permissible under Georgia law to show by parol testimony that the deeds were given as security, and that was done.

It appears without dispute that the plaintiff took these various deeds from his son-in-law in good faith to secure indebtedness due the plaintiff, but the security taken by the plaintiff seems now inadequate to repay him some $7,800 besides interest, which he claims to be due him. The plaintiff offers to relinquish this property to the Government in order to satisfy the Government's claims against Archer, provided the actual amounts due to the plaintiff by Archer, with the legal interest to date, are paid, but the proposition has never been accepted.

This judgment of course, does not purport to adjudicate the exact amount of indebtedness due by Archer to the plaintiff as between these parties, but the

'amount is substantial. Some time ago plaintiff offered to accept $6,000 from Archer in full of indebtedness, but this proposition was not accepted by Archer, and plaintiff is entitled to receive from Archer something in the neighborhood of $7,800. Should the defendant, as Director of Internal Revenue, proceed with his levy this plaintiff would suffer a considerable loss, as his properties, including his bank account, would be taken from him to pay the taxes of Archer, his son-in-law, as it does not appear the plaintiff himself owes the Government any taxes whatsoever.

While many cases were cited to this Court by defendant in connection with his motion to dismiss this case, which motion was overruled, the law of this case is sufficiently stated in the case of Raffaele v. Granger, 3 Cir., 196 F.2d 620, and cases therein cited.

The Court is preparing Findings of Fact, Conclusions of Law and Judgment in this case to the effect that all the prayers of plaintiff's petition be granted, and that the defendant be enjoined as prayed.