**Petition of SILLS.**

**No. 1788.**

United States District Court
E. D. New York.

Oct. 5, 1953.

Bennet, House & Couts, New York City, for petitioner (Bernard A. Finkel, New York City, of counsel).

Leonard P. Moore, U. S. Atty., New York City, for the United States (George T. Rita, Sp. Asst. to the Atty. Gen., Washington, D. C., and Elliott Kahaner, Asst. U. S. Atty., Brooklyn, N. Y., of counsel).

BRUCHHAUSEN, District Judge.

The petitioner by motion seeks leave to file a civil action against the United States and cites Title 26, United States Code, Section 3679(a) as authority to support such relief. The object of the contemplated action is the removal of an income tax lien as a cloud on title of real property, owned by the petitioner.

The authority so relied upon by the petitioner does not entitle him to the relief. The said section of the Code is a part of the Internal Revenue Act, which act clothes delinquent taxpayers with certain rights and remedies but does not affect nontaxpayers. It is conceded that the taxes, on which the alleged lien is based, were not incurred by the petitioner and are not owing by him. It appears that the petitioner became the owner of record of the said real property on October 1, 1948. The delinquent taxpayer was a prior owner of the said property. The tax lien was filed subsequent to the said date and warrants of distraint and levy were later served on the petitioner's agents. Under these circumstances the said Section 3679(a) and the preceding Section 3678(a) have no bearing for the reason that they limit the remedy of a civil action to a delinquent taxpayer, owning the real property. Plainly those statutes refer only to "any such property and rights to property owned by the delinquent, or in which he has any right, title or interest."

Although the petitioner, a nondelinquent taxpayer, not a party to the tax claim, may not resort to the Internal Revenue Act for relief, he has adequate remedy under Title 28 United States Code, Section 2410 to test the validity of the tax lien filed against his real property in any State Court having jurisdiction or in any District Court, provided

**240**

that the parties in the latter court meet the jurisdictional requirements of the Federal Court. Section 2410 provides the necessary waiver of immunity of the United States as a party, thus obviating application for leave to sue the United States or to file a civil action against it. Stuart v. Chinese Chamber of Commerce of Phoenix, 9 Cir., 168 F.2d 709, 712 and cases cited therein; Schweinler v. Manning, D.C., 88 F.Supp. 964, 966; Wells v. Long, 9 Cir., 162 F.2d 842; Haldeman v. United States, D.C., 93 F.Supp. 889. The Schweinler case, supra, holds that innocent third persons have no remedy under the Internal Revenue Act. An examination of the Stuart case and the other cases cited clearly show that such innocent third persons, and the petitioner is in that category, may test the validity of a tax lien in the manner heretofore stated. The Stuart case particularly discusses the right of nondelinquent third parties to sue for monies under Title 28, United States Code, Section 1340. The Haldeman case is distinguishable from the case at bar in that the petitioners were delinquent taxpayers and thus relegated to the Internal Revenue Act for relief rather than to said Section 2410.

The motion in denied. Settle order on notice.