## CITY OF NEW YORK
### v.
### EVIGO CORP.

United States District Court,
S. D. New York.
June 7, 1954.

Adrian P. Burke, Corporation Counsel, New York City, Stanley Buchsbaum, Alvin H. Kaufer, Isidore Friedman, New York City, of counsel, for plaintiff.

J. Edward Lumbard, U. S. Atty. for the So. Dist. of N. Y., New York City, Eliot H. Lumbard, New York City, of counsel, for defendant.

EDELSTEIN, District Judge.

The City of New York has moved to remand, or in the alternative for a preliminary injunction restraining the District Director of Internal Revenue from effecting a tax sale and for an order vacating five warrants for distraint. The case arose out of proceedings taken by the City of New York to collect certain City sales taxes due from the Evigo Corporation. Two warrants were docketed by the City against the corporation in the office of the Clerk of New York County, and subsequently a warrant officer of the City made a levy of the personal property of the corporation by means of a visual inspection. It is urged that these warrants are to be treated as judgments under section 3672 of the Internal Revenue Code, 26 U.S.C. § 3672, and on them there is presently due $1,802.85 plus interest. The day following the levy by the warrant officer a United States Collection Officer, acting under the authority of five warrants for distraint issued by the District Director and arising out of the nonpayment of $3,701.14 in wage and excise taxes, levied upon the same personal property by seizure and assumption of full possession. Notice of the five United States tax claims was filed in the Register's office, but not until after the City warrants and levy. Then the District Director was served by the City with an order to show cause in the Supreme Court of the State of New York why he should not be restrained from selling the property which had been seized, and it was further requested that the Court vacate the outstanding United States warrants for distraint. The case was removed to this court on the petition of the United States.

The City of New York challenges the removal on the ground that the United States was not a defendant in the New York State court and that this court has no original jurisdiction of the matter. It is true that the United States was not served with process in the New

York Supreme Court and was not technically a party to that action. But whatever the technical procedure adopted by the City, there can be no doubt that this is a contest between the City and the United States over, in the words of the Corporation Counsel's brief, priority for the satisfaction of the respective tax claims out of the property seized. The purpose and effect of the action comes within the purview of 28 U.S.C. § 2410(a), concerning actions affecting property upon which the United States has a lien, and is removable under section 1444. This court, moreover, has original jurisdiction pursuant to its general authority over actions arising under the Internal Revenue Laws, 28 U.S.C. § 1340. Clearly, the action seeks relief against the United States, in effect, by attempting to enjoin the collection of its taxes and the enforcement of tax liens out of assets now in its possession. And since extraordinary relief is sought against the United States, it is an indispensable party. " 'In a determination of the jurisdiction of the national courts, and the right to remove causes of action to them, indispensable parties only should be considered * * *. The positions assigned to parties in a suit by the pleader are immaterial in determining the removability of a cause. It is the duty of the national court to ascertain the real matter in dispute, to arrange the parties on opposite sides of it according to the facts and their respective interests, and then to determine whether or not a controversy exists * * * which invokes the jurisdiction of that court. * * * ' " In re Chicago, M. St. P. & P. R. Co., 8 Cir., 50 F.2d 430, 434. The technical defects of the action may be remedied. Fed.Rules Civ. Proc. rule 81(c), 28 U.S.C. and 28 U.S. C. §§ 1447 and 1448.

 The injunctive relief requested cannot be granted because the substantive issue of law, the effect of the warrants as judgments under section 3672 of the Internal Revenue Code, is at the very least doubtful, under the authority of United States v. Gilbert Associates, Inc., 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071. And a preliminary injunction may not issue in a doubtful case. Hall Signal Co. v. General Railway Signal Co., 2 Cir., 153 F. 907, 908. Neither, in the circumstances, can the warrants of distraint be vacated.

Accordingly, the motions of the City of New York will be denied.