**Otto A. GERTH, Plaintiff,**

v.

**UNITED STATES of America, R. A. Riddell, as Director of Internal Revenue, et al., Defendants.**

**No. 16965.**

United States District Court
S. D. California, Central Division.
June 24, 1955.

Otto A. Gerth, Vista, Cal., in pro. per.

Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., for the United States and defendant officials.

Monta W. Shirley, Los Angeles, Cal., for defendants Naples.

HALL, District Judge.

The complaint is entitled "Complaint-Action to Quiet Title to Personal Property and for Injunctive Relief." Plaintiff sues as an individual to quiet title to a certain trust deed and note. The defendants are the United States of America, the Director of Internal Revenue, an Internal Revenue Agent, and two individuals, Henry Naples and Julia Naples.

The general allegations of the complaint are to the effect that plaintiff owns the trust deed and note; that it was wrongfully taken from his possession by the defendants, Naples; and that thereafter, the trust deed and note came into the possession of the United States of America from Naples, and the United States is now holding the trust deed and note as security for taxes owed by the Naples, and not by Gerth.

The defendants Naples have appeared and have filed a motion to strike, a motion to make more definite and certain and a motion to dismiss. While neither the United States nor the defendant officials have filed a motion to dismiss, or have otherwise appeared, counsel for defendants Naples has raised the question of jurisdiction on the ground that the United States has not consented to be sued. And counsel for the United States and defendants Naples have agreed that the Court may rule on that question without the necessity of filing a motion to dismiss by the United States or the defendant officials. This is not in writing, but counsel have so represented. The effect is that the United States and the defendant officials adopt the motion to dismiss as filed by the defendants, Naples.

The motion to dismiss is not well taken.

It appears from the complaint that whatever claim of right the United States has in and to the note and trust deed exists under the Internal Revenue Laws inasmuch as the property was taken and is detained by virtue of the claim by the United States of an unpaid internal revenue tax levied against the defendants Naples.

While Section 2410 of Title 28, United States Code, is not in itself a grant of jurisdiction—Wells v. Long, 9 Cir., 1947, 162 F.2d 842 [1]—nevertheless, when jurisdiction exists, Section 2410 constitutes a waiver of immunity by the United States and consent by the United States to be sued in a quiet title action, or for the foreclosure of a mortgage or other lien on personal property upon which the United States claims or has a mortgage or other lien. Petition of Sills, D.C.E.D.N.Y.1953, 115 F.Supp. 239.

Section 2463 of Title 28, United States Code, provides as follows:

"All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."

Section 451 of Title 28, United States Code, defines the term "'court of the United States'" to include District Courts. Thus, when Section 2463 of Title 28, United States Code, makes such property subject only to the orders and decrees of the "courts of the United States * * *" it is clearly a grant of jurisdiction to the District Courts. The phrase "having jurisdiction thereof" does not mean that there must be some other independent ground of jurisdiction before a District Court of the United States can act. What it does mean is that the District Court of the United States, within which the property "taken or detained" is located, is the District Court which has jurisdiction. Raffaele v. Granger, 3 Cir., 1952, 196 F.2d 620, 623.

Section 2463 of Title 28, United States Code, has repeatedly been held to give jurisdiction to United States District Courts in suits by a party other than the taxpayer to quiet title to property or establish priority of liens as against a claim or lien asserted by the United States against the taxpayer under any internal revenue law. In re Fassett, 1892, 142 U.S. 479, 12 S.Ct. 295, 35 L.Ed. 1087; Stuart v. Chinese Chamber of Commerce of Phoenix, 9 Cir., 1948, 168 F.2d 709; Long v. Rasmussen, D.C.Mont. 1922, 281 F. 236; Rothensies v. Ullman, 3 Cir., 1940, 110 F.2d 590; Raffaele v. Granger, 3 Cir., 1952, 196 F.2d 620.

1. The Fifth Circuit, without discussion, concluded otherwise in Macatee, Inc., v. United States, 1954, 214 F.2d 717. And in Phillips v. Jonas, D.C.Wis.1952, 122 F.Supp. 773, the Court held, in a case similar to the instant one, that jurisdiction existed by virtue of Sections 1340 and 2410 of Title 28, United States Code. But I am bound to follow the holding of the Ninth Circuit in Wells v. Long, supra.

It has been held that 28 U.S.C.A. § 1340 gives the District Courts original jurisdiction of such actions as the instant one. Colorado Milling & Elevator Co. v. Glenn, D.C.W.D.Ky.1954, 118 F. Supp. 943, at page 947; City of New York v. Evigo Corp., D.C.S.D.N.Y.1954, 121 F.Supp. 748, at page 750. The Ninth Circuit in Stuart v. Chinese Chamber of Commerce of Phoenix, supra, sustained jurisdiction of the District Court under Section 1340 of Title 28, United States Code (then 28 U.S.C.A. § 41, subd. 5), and by adopting the conclusions of the cases cited therein—In re Fassett, supra; Rothensies v. Ullman, supra; Long v. Rasmussen, supra—affirmed the jurisdiction of the Court under 28 U.S.C.A. § 2463.

■ While neither counsel has briefed the question, the Court has concerned itself with the problem of jurisdiction of the defendants, Naples. In this connection, the very broad terms of 28 U.S.C.A. § 2463 placing *"All* property taken or detained under *any* revenue law of the United States"* in custodia legis, brings into play the principle that a Court having lawful custody of property may enter whatever judgment or decree is necessary against whatever parties claim an interest in the property, even though there may be no specific grant of jurisdiction. The principle was best stated in Wabash Railroad v. Adelbert College, 1908, 208 U.S. 38, at page 54, 28 S.Ct. 182, 187, 52 L.Ed. 379, where the Supreme Court said:

"When a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The latter courts, though of concurrent jurisdiction, are without power to render any judgment which invades or disturbs the possession of the property while it is in the custody of the court which has seized it. For the purpose of avoiding injustice which otherwise might result, a court during the continuance of its possession has, as incident thereto and as ancillary to the suit in which the possession was acquired, jurisdiction to hear and determine all questions respecting the title, the possession, or the control of the property. In the courts of the United States this incidental and ancillary jurisdiction exists, although in the subordinate suit there is no jurisdiction arising out of diversity of citizenship or the nature of the controversy."

And, in citing the foregoing case with approval, the Court said in Murphy v. John Hofman Co., 1909, 211 U.S. 562, at page 569, 29 S.Ct. 154, at page 156, 53 L.Ed. 327:

"In the courts of the United States this ancillary jurisdiction may be exercised, *though it is not authorized by any statute.* The jurisdiction in such cases arises out of the possession of the property, and is exclusive of the jurisdiction of all other courts, although otherwise the controversy would be cognizable in them." (Emphasis supplied.)

■■ It is apparent from the foregoing discussion that this District Court has jurisdiction of the action insofar as the United States and the defendant officials are concerned. And under the terms of Section 2463 of Title 28, United States Code, the original jurisdiction of this court having been invoked, the property is in its custody, and no other court now has any jurisdiction or power over the property. It necessarily follows that this court does have jurisdiction over the defendants, Naples, under the allegations of the complaint. The particular question does not appear to have been discussed in the cases, but in Colorado Milling & Elevator Co. v. Glenn, supra, parties other than the United States or the Collector claiming an interest in the property, were named defendants. The same was true in Tomlinson v. Smith, 7 Cir., 128 F.2d 808.

One other question not briefed by the parties has concerned the Court. That is,

whether or not Section 7424 of the 1954 Internal Revenue Act, 26 U.S.C.A. (formerly 26 U.S.C.A. § 3679) is applicable in the instant action, and requires compliance with its procedural provisions before a suit can be filed.

As pointed out in Long v. Rasmussen, D.C.Mont.1922, 281 F. 236, and quoted with approval in Stuart v. Chinese Chamber of Commerce of Phoenix, 9 Cir., 1948, 168 F.2d 709, at page 712:

" 'The revenue laws are a code or system in regulation of tax assessment and collection. They relate to taxpayers, and not to nontaxpayers. The latter are without their scope. No procedure is prescribed for nontaxpayers, and no attempt is made to annul any of their rights and remedies in due course of law. With them Congress does not assume to deal, and they are neither of the subject nor of the object of the revenue laws. * * *

" 'The distinction between persons and things within the scope of the revenue laws and those without them is vital. * * * To the former only does section * * * apply * * * and the well-understood exigencies of government and its revenues and their collection do not serve to extend it to the latter. It is a shield for official action, not a sword for private aggression. * * *' "

While those cases involved the application of 26 U.S.C.A. § 3653 (now 7421), nevertheless, the logic of them is equally applicable to Section 7424 of Title 26, United States Code.

■ Here, the petitioner is a nontaxpayer. And the provisions of the Judicial Code (Title 28, United States Code) are applicable rather than the provisions of the Internal Revenue Code, and give this Court jurisdiction regardless of compliance or non-compliance with 26 U.S.

C.A. § 7424. See also, Rothensies v. Ullman, supra; Tomlinson v. Smith, supra; Raffaele v. Granger, supra.

It was specifically held in Petition of Sills, D.C.E.D.N.Y.1953, 115 F.Supp. 239, that in a suit to quiet title the provisions of Section 3679 (now Section 7424) of Title 26, United States Code, do not apply.

Defendant will prepare a formal order denying the motion to dismiss, and submit same under the Rules.

### On Motion to Strike and to Make More Definite and Certain

■ The complaint contains abusive and vituperative language, none of which is necessary or material to the cause of action alleged by the plaintiff.

The motion to strike is granted by striking out the word "feloniously" wherever it appears in the complaint; by striking out all of that portion of the complaint beginning at line 26 on page 7 and continuing to and including line 6 on page 8; by granting Items 6, 7, 8 and 9 of the motion to strike. The motion to strike is otherwise denied.

In view of the foregoing it is unnecessary to pass upon the motion to make more definite and certain as to Items 1 to 7 thereof. The motion to make more definite and certain is granted as to Items 8, 9 and 10 thereof.

It is to be observed in this connection that the complaint contains many allegations which do not appear to be appropriate or proper. It is suggested, rather than file a response to the motion to make more definite and certain, that plaintiff redraft and file an amended complaint, within 30 days, in light of the within order and in light of the Court's memorandum denying the motion to dismiss.

Defendant will prepare a formal order and submit the same under the Rules.