Sidney SZERLIP, Plaintiff,

v.

Joseph P. MARCELLE, as Collector of Internal Revenue, Defendant.

Civ. No. 11313.

United States District Court E. D. New York.

Nov. 14, 1955.

Sidney Szerlip, Brooklyn, N. Y., pro se.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y. (Elliott Kahaner, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for defendant.

BRUCHHAUSEN, District Judge.

The plaintiff moved for leave to file an amended complaint. He claims that certain office furniture was seized by the defendant, Collector of Internal Revenue, under a warrant of distraint, for the tax liability of one Moss Industries, Inc., and sold pursuant to said warrant before plaintiff, an attorney, having an office in tax debtor's plant, commenced this action by petition and order to show cause to stay the sale of such furniture, alleging that it was his property.

Upon the return day of the order to show cause, the Court pointed out that it would be of no avail to issue a stay, since the property was already sold, but permitted the petition to be treated as a complaint in the action. An answer was filed and the action was noticed for trial.

At a pretrial hearing, it became apparent that the complaint, seeking a stay, was improper. Plaintiff thereupon made this motion to amend his complaint, alleging the wrongful taking and praying for money damages for the value of the furniture.

The government contends that claims against it are properly litigated in the Court of Claims. While it admits that the Federal District Courts have been given jurisdiction in certain actions involving internal revenue matters, it argues that this applies to taxpayers, whereas plaintiff asserts that he is not a taxpayer. It argues further that the Internal Revenue Code contains certain conditions with regard to suits by taxpayers, and that even if plaintiff be in that class, he has not complied with these regulations.

Suits in the nature of replevin to restrain the Collector of Internal Revenue from selling property seized by him are brought in the District Courts under Title 28 U.S.C.A. § 2463 and prior statutes, declaring that property taken under the revenue laws is not repleviable but subject to the decrees of the courts of the United States having jurisdiction thereof.

█ It is settled law that nondelinquent third-parties, whose property has been taken by the Collector of Internal Revenue for the tax liability of another, may maintain actions in the Federal District Courts under this section, to stay the sale thereof, without being bound by provisions of the Internal Revenue Code forbidding suits restraining the assessment of tax (now Sec. 7421 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7421). Long v. Rasmussen,

864

D.C.Mont., 281 F. 236; Rothensies v. Ullman, 3 Cir., 110 F.2d 590; Tomlinson v. Smith, 7 Cir., 128 F.2d 808; Raffaele v. Granger, 3 Cir., 196 F.2d 620.

 Suits against the Collector of Internal Revenue for money damages, usually as claims for tax refunds, are brought in the District Courts under Title 28 U.S.C.A. § 1340 and former similar statutes in the Judiciary Code, giving Federal District Courts jurisdiction of any civil action arising under an Act of Congress providing for internal revenue.

Nondelinquent third-parties have been permitted to sue under this section where their interest is pecuniary rather than proprietory. Stuart v. Chinese Chamber of Commerce of Phoenix, 9 Cir., 168 F.2d 709; Colorado Milling & Elevator Co. v. Glenn, D.C.W.D.Ky., 118 F.Supp. 943; City of New York v. Evigo Corp., D.C. S.D.N.Y., 121 F.Supp. 748; Phillips v. Jonas, D.C.E.D.Wis., 122 F.Supp. 773; Gerth v. United States, D.C.S.D.Cal., 132 F.Supp. 894.

In Stuart v. Chinese Chamber of Commerce of Phoenix, supra, it was held that the provisions of the Internal Revenue Code regarding notice of claim prior to lawsuit (now Section 7422 of the Internal Revenue Code of 1954, 26 U.S. C.A. § 7422) did not apply to such a plaintiff.

The Stuart case, 168 F.2d at page 712, used the oft-quoted language of the Long case, supra, viz.:

" 'The revenue laws are a code or system in regulation of tax assessment and collection. They relate to taxpayers, and not to nontaxpayers. * * * With them Congress does not assume to deal, and they are neither of the subject nor of the object of the revenue laws.' "

The cases of Gerth v. United States, supra, and Petition of Sills, D.C.E.D. N.Y., 115 F.Supp. 239, deal with still other procedural requirements of the Internal Revenue Code concerning notice of claim in actions to clear title to realty (now Sec. 7424 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7424) but held that they were not applicable to nontaxpayers.

In the Gerth case, supra, the Court reiterated the above quotation and 132 F. Supp. at page 898, said:

" * * * the logic * * * is equally applicable".

 The plaintiff's action is within the jurisdiction of the Federal District Court under the Judiciary Code and is not restricted by the provisions of the Internal Revenue Code.

The motion is granted.