**FIRST NATIONAL BANK OF EMLEN-TON, PENNSYLVANIA, Appellant,**

v.

**UNITED STATES.**

No. 12701.

United States Court of Appeals Third Circuit.

Argued Dec. 18, 1958.

Decided March 18, 1959.

William J. McFate, Oil City, Pa. (Mc-Fate, McFate & McFate, Oil City, Pa., on the brief), for appellant.

George F. Lynch, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Fred E. Youngman, Attorneys, Department of Justice, Washington, D. C., Hubert I. Teitelbaum, U. S. Atty., John R. Gavin, Asst. U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and MC-LAUGHLIN and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This is an action in personam by the appellant, First National Bank of Emlenton, against the United States demanding that a money judgment be entered against the sovereign. The district court dismissed the suit for want of

jurisdiction, expressing the opinion that the plaintiff had misconceived its remedy, bringing an unauthorized suit against the United States rather than the normally appropriate personal action against a Director of Internal Revenue. D.C.W.D.Pa., 161 F.Supp. 844.

In substance the bank complained that, in distraint for taxes owed the United States by the Barrett Machine Tool Corporation, the District Director of Internal Revenue seized and sold certain equipment of the taxpayer on which the bank held a valid chattel mortgage. Some of the tax liens were senior to the bank's mortgage and others were junior to it. Being informed of the bank's chattel mortgage, the District Director should have surrendered to the bank the net proceeds of the sale in excess of the sum required to satisfy the tax liens which were senior to the bank's mortgage. Instead, the entire proceeds of the sales were appropriated to the satisfaction of the tax liens and covered into the Treasury of the United States. Wherefore, the bank claims that the United States is indebted to it for some $7000, the amount of the proceeds of the sale which the District Director wrongfully withheld from the bank and applied to the satisfaction of tax liens junior to the bank's lien.

It is, of course, clear and undisputed that this suit against the United States is not maintainable unless the sovereign has consented to be sued in such an action. The appellant asks us to find such consent in one or more of four separate statutory provisions. Appellant first cites the general grant of jurisdiction to district courts to entertain civil actions "arising under any Act of Congress providing for internal revenue. * * " 28 U.S.C. § 1340. Appellant also relies upon the grant of jurisdiction to district courts to entertain "any civil action against the United States for the recovery of any internal-revenue tax al-

leged to have been erroneously or illegally assessed or collected * * *." 28 U.S.C. § 1346(a) (1). It is also contended that this suit comes within the grant of jurisdiction to district courts to entertain claims against the United States for amounts not exceeding $10,000 founded "upon any express or implied contract with the United States, or for liquidated or for unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1346(a) (2). Finally, our attention is directed to the provision of 28 U.S.C. § 2463 that all property taken under a revenue law is in custody of the law and subject to the order of an appropriate federal court. But none of these sections is applicable to this case.

■ Section 1340 of Title 28 is merely the general grant of jurisdiction to district courts to entertain actions of a certain class; namely, "any civil action arising under any Act of Congress providing for internal revenue * * *." Neither on its face or by reasonable implication does this language express any consent of the United States to be sued. Indeed, if such a grant of jurisdiction over cases of a general type [1] were construed as authorizing, not only suits of that type against private litigants, but suits against the United States as well, the exemption of the sovereign from suit would be almost meaningless. It would be necessary affirmatively to exempt the United States from suit every time a court was authorized to entertain actions of a general type. Such, of course, is not the law. We conclude that Section 1340 does not even relate to the jurisdictional problem of this case.

■ Appellant next contends that this is a "civil action against the United States for recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected * *." 28 U.S.C. § 1346(a) (1). But the language of that section is reasonably to be read as merely authorizing a taxpayer, or

[1]. We do not imply that, but for the fact that the United States is a defendant, such a suit as this would lie as an action "arising out of any Act of Congress providing for internal-revenue." Cf. Baumohl v. Columbia Jewelry Co., D.C.D. Md.1955, 127 F.Supp. 865.

perhaps someone claiming in the interest of a taxpayer, to sue to get back taxes which the taxpayer has wrongfully been required to pay. Cf. De Van v. United States, D.C.D.N.J. 1943, 50 F.Supp. 992. Appellant does not and cannot claim that he is an aggrieved taxpayer or that he is asserting a claim in the interest of any such person. Thus, this is not the type of claim with which Section 1346(a) (1) is concerned.

Nor does Section 1346(a) (2) help appellant. That subsection is the Tucker Act provision for contractual actions against the United States. The Supreme Court has held that a contract sued upon under this section, if not express, "must be one implied in fact and not one based merely on equitable considerations and implied in law." United States v. Minnesota Mutual Investment Co., 1926, 271 U.S. 212, 217, 46 S.Ct. 501, 503, 70 L.Ed. 911. Accord, State of Alabama v. United States, 1931, 282 U.S. 502, 51 S.Ct. 225, 75 L.Ed. 492; Cf. Baltimore & Ohio R. Co. v. United States, 1923, 261 U.S. 385, 43 S.Ct. 384, 67 L.Ed. 711. There is no suggestion here that the United States has made any express or implicit agreement with the appellant, for breach of which this action has been brought. From the beginning the government and the bank have acted as independent creditors of Barrett Machine Tool Corporation, each trying to satisfy its claim out of property of the debtor. A government officer may have wrongfully covered into the Treasury money to which the bank was entitled, but there has never been any implied promise by the United States to satisfy the bank's mortgage.

Appellant urges that language of the Court of Claims in Kirkendall v. United States, 1940, 31 F.Supp. 766, 90 Ct.Cl. 606, indicates that claims like the present one are suable as actions based on implied contracts. If the Court of Claims intended to go that far, its view cannot be squared with what the Supreme Court said and decided in United States v. Minnesota Mutual Investment Co., supra, and State of Alabama v. United States, supra.

Finally, appellant cites the provision of 28 U.S.C. § 2463 that "[a]ll property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof." That section may have had relevancy while the property upon which plaintiff held a chattel mortgage was held by a district director pursuant to a tax levy. Cf. Gerth v. United States, D.C.S.D.Cal.1955, 132 F.Supp. 894. But after the property was sold and the proceeds of the sale covered into the Treasury it was no longer possible to point to any "property taken or detained under any revenue law of the United States" which should "be deemed to be in the custody of the law" and subject to judicial jurisdiction. Indeed, the present suit does not purport to be a proceeding in rem or a request that the court exercise jurisdiction over property in the custody of law. It is merely an action in personam claiming that the government owes the appellant money and ought to pay. Section 2463 has no relevance to this proceeding.

The district court in its opinion in this case pointed out that in numbers of situations rather similar to this one the aggrieved person has maintained a suit against a Director of Internal Revenue, but that this is in legal contemplation different from a suit against the United States. E. g. Rothensies v. Ullman, 3 Cir., 1940, 110 F.2d 590; Szerlip v. Marcelle, D.C.E.D.N.Y.1955, 136 F.Supp. 862. Stuart v. Chinese Chamber of Commerce, 9 Cir., 1948, 168 F.2d 709. While we cannot adjudicate a matter which is not before us, we do note that nothing appears here which suggests that such a remedy was not available to the appellant or that such a suit would even now be untimely.

The judgment will be affirmed.