**OIL CITY NATIONAL BANK, Plaintiff,**

v.

**A. J. DUDLEY, Defendant.**

**Civ. A. No. 61–357.**

United States District Court
W. D. Pennsylvania.

Oct. 16, 1961.

William J. McFate, Oil City, Pa., for plaintiff.

Thomas J. Shannon, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

MARSH, District Judge.

In this action the plaintiff bank sues Dudley, former District Director of Internal Revenue, for $7,359.49, which is the amount remaining after the government satisfied its record tax lien and paid the costs from the proceeds of a levy and sale of personal property belonging to Barrett Machine Tool Company, a delinquent taxpayer. Plaintiff also held a lien on this property but junior to the government's tax lien. After the sale, plaintiff demanded that the Director pay it the remaining amount, which the Director refused to do. Plaintiff alleges that the Director wrongfully distributed all the proceeds of the sale to the United States Treasury in disregard of plaintiff's claim.

Defendant filed an answer and also a motion to dismiss the action on the ground that the complaint fails to state a claim against defendant upon which relief can be granted. Rule 12(b) (6), Fed.R.Civ.P. 28 U.S.C.A.

In a former suit by the plaintiff's predecessor in interest against the United States in this District, it was held that the Federal District Court had no jurisdiction to entertain such an action against the United States. First National Bank of Emlenton, Pa. v. United States, D.C.W.D.Pa.1958, 161 F.Supp. 844, affirmed 3 Cir., 1959, 265 F.2d 297.

**850**

In affirming, the Circuit Court said in conclusion (265 F.2d at page 300):

"The district court in its opinion in this case pointed out that in numbers of situations rather similar to this one the aggrieved person has maintained a suit against a Director of Internal Revenue, but that this is in legal contemplation different from a suit against the United States. E. g. Rothensies v. Ullman, 3 Cir., 1940, 110 F.2d 590; Szerlip v. Marcelle, D.C.E.D.N.Y.1955, 136 F.Supp. 862. Stuart v. Chinese Chamber of Commerce, 9 Cir., 1948, 168 F.2d 709. While we cannot adjudicate a matter which is not before us, we do note that nothing appears here which suggests that such a remedy was not available to the appellant or that such a suit would even now be untimely."

It is now urged that the defendant Director is immune from a suit for damages for wrongs committed in performing discretionary acts within the scope of his official authority. However, it is evident that this action is not a suit against the Director for damages as such, but for a liquidated sum of money, i. e., $7,359.49, being the proceeds of the sale in excess of the amount necessary to satisfy the government's first lien and the costs of sale.

A non-taxpayer has long had the right to enjoin the Director from wrongfully seizing his property to satisfy the tax obligation of another, Raffaele v. Granger, 3 Cir., 1952, 196 F.2d 620; or to sue to recover property already seized or its proceeds, Szerlip v. Marcelle, D.C.E.D.N.Y.1955, 136 F.Supp. 862; and this is so even if the proceeds have been covered into the Treasury, Stuart v. Chinese Chamber of Commerce, 9 Cir., 1948, 168

F.2d 709; Colorado Milling & Elevator Co. v. Glenn, D.C.W.D.Ky.,1954, 118 F. Supp. 943. Cf. Pennsylvania Turnpike Commission v. McGinnes, 3 Cir., 1959, 268 F.2d 65, 67–68. In passing we note that if the plaintiff prevails, upon the court's certificate stating that the Director acted with probable cause or under the direction of a proper officer, the government will pay the personal judgment obtained against the Director. Title 28 U.S.C.A. § 2006.

No case has been called to our attention, nor have we found one, which specifically adjudicates the right of a lienor to sue a Director for proceeds of a tax sale which the lienor claims should have been distributed to him.[1] However, § 6342, Title 26 U.S.C.A., prescribes the application of proceeds of a tax sale of seized property. Subsection (b) provides:.

"Any surplus proceeds remaining after the application of subsection (a) shall, upon application and satisfactory proof in support thereof, be credited or refunded by the Secretary or his delegate to the person or persons legally entitled thereto."

If plaintiff was legally entitled to the surplus proceeds and the Director refused to refund same to the plaintiff but distributed the money to the United States as alleged, in effect, the Director has wrongfully seized plaintiff's property, and the latter is entitled to recover it. As we see it, the plaintiff-lienor is in a position analogous to any other non-taxpayer whose property has been wrongfully seized by the Director for the tax liability of another. Hence, we think plaintiff has stated a claim against the defendant upon which relief can be granted, and the motion to dismiss should be denied.

[1]. The plaintiff in Phillips v. Jonas, D.C. E.D.Wis.1952, 122 F.Supp. 773 was the owner of a chattel mortgage which was a lien on a taxpayer's personalty sold by the District Director; the plaintiff in Horvitz v. Granger, D.C.W.D.Pa.1955, 134 F.Supp. 957 claimed a lien on the proceeds as assignee of a bailment lease; in neither case did the defendant-Directors contest the plaintiff-lienors' right to sue; compare Commercial Credit Corp. v. Schwartz, D.C.E.D.Ark.W.D.1955, 130 F.Supp. 524, which was a contest involving a lienor and the District Director; and City of New York v. Evigo Corp., D.C.S.D.N.Y.1954, 121 F.Supp. 487, which involved the priority of tax liens of the City and the United States upon personal property of a taxpayer levied upon by the Director.